(No. 36842.—

FIRST NATIONAL BANK OF SKOKIE, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed September 28, 1962.*

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN and JOHN J. O'TOOLE, Assistants Corporation Counsel, of counsel,) for appellant.

HOWARD B. BRYANT and MELVIN A. WEINSTEIN, both of Chicago, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a declaratory judgment holding the 1957 zoning ordinance of the city of Chicago void as to plaintiff's property, the trial court having certified that the validity of an ordinance is involved.

The property in question was formerly a part of a tract 450 feet by 125 feet. It is in an area zoned R-3, which permits one-family, two-family and multiple-family dwellings with a minimum lot area of 2500 square feet per dwelling unit. Peter F. Waytula, the beneficial owner, divided the east 400 feet of the property into 10 lots of equal size, 40 by 125, and constructed a two-flat building on each. These have been sold leaving the subject property, 50 by 125 feet, which contains 6250 square feet. He proposes to improve it with a six-flat building which would conform in height and width with the other structures, but it would contain only 1042 square feet per dwelling unit.

The city raises the procedural question that plaintiff has not sought a remedy available at the local community level and therefore cannot seek the aid of the courts under the doctrine laid down in *Bright* v. *City of Evanston,* 10 Ill.2d 178. The only available remedy is by application for an amendment to the zoning ordinance. Plaintiff applied for amendments in 1959 and 1960 to permit construction of multiple dwellings on the whole tract with less than the re-

quired area per unit. Both applications were denied. We are of the opinion that the recent filing of applications for amendment constitutes substantial compliance with the *Bright* doctrine.

The principles of presumptive validity of zoning ordinances, degree of proof required to overcome the presumption and the factors to be considered in determining their validity are firmly established. (*Hartung* v. *Village of Skokie,* 22 Ill.2d 485; *La Salle National Bank of Chicago* v. *County of Cook,* 12 Ill.2d 40.) Furthermore, minimum lot area limitations have been recognized as proper by this court. (*Honeck* v. *County of Cook,* 12 Ill.2d 257; *Cosmopolitan Nat. Bank of Chicago* v. *City of Chicago,* 22 Ill.2d 367.) We turn to the contentions of the plaintiff upon which it charges invalidity as applied to its property.

The first attack on the area limitation of the ordinance is based on the location of the property and the character of the neighborhood. The block in which the subject property is located is divided by an alley extending west from North Major to North Menard Avenue. The north tier of lots fronts on West Ainslie and the south tier on West Gunnison. The remainder of the south one-half of the block in which this property is located is occupied by the ten two-flats built by Waytula and six single-family dwellings. All of these properties conform to the R-3 classification and the same is true of the north one-half of the block except for one frame four-flat which is nonconforming. Thus, of the 33 uses in the block, 32 are in compliance with the zoning classification. The same is true of most of the properties on the south side of Gunnison, the north side of Ainslie and the north side of Lawrence, the next street to the south. Some of the testimony offered by plaintiff related to properties at a distance from the subject property and in different zoning classifications. Of six noncomplying uses in the same R-3 area, five were nonconforming. We are of the opinion that the uses and general character of the

area conform to the zoning classification, and under similar factual backgrounds we have upheld the ordinances. See *Gregory* v. *City of Wheaton*, 23 Ill.2d 402; *Bennett* v. *City of Chicago*, 24 Ill.2d 270.

It is next asserted that the area limitation is confiscatory. Plaintiff's expert valued the tract at $250 to $275 per foot as zoned and from $350 to $375 per foot if the six-flat is allowed, which would indicate a $5000 loss. The whole tract was purchased for approximately $222 per foot so that actually the loss is only a loss of possible profits. This question may appropriately be considered in connection with plaintiff's suggestions that there would be no damage to adjoining property and that the gain to the public is negligible when compared with the hardship imposed upon the owner. Even if this were true, it would not be decisive but would have to be considered with all other appropriate factors. However, there was testimony by neighbors, including two real-estate experts, that the neighborhood would suffer. Several adjoining owners testified that they purchased their two-flats with the understanding that the tract in question would be similarily developed.

Upon a review of this record we see no justification for holding the classification arbitrary or confiscatory. The character and use of the property in the area conforms to the zoning, and the tract was purchased with knowledge of its classification. (*Vedovell* v. *City of Northlake*, 22 Ill.2d 611.) The loss, if any, is only one factor which appears in practically every zoning case, (*Bolger* v. *Village of Mount Prospect*, 10 Ill.2d 596,) and there is, at the least, a difference of opinion as to whether the proposed use would be detrimental to the public interest. The burden of overcoming the presumption of validity of the zoning ordinance has not been met.

The judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*