Gertrude D. Hoffmann, Plaintiff-Appellant, v. The City of Waukegan, a Muncipal Corporation, Defendant-Appellee.

Gen. No. 64–31.

Second District.

August 20, 1964.

Donald T. Morrison, of Waukegan, for appellant.

Murray R. Conzelman, of Waukegan, for appellee.

CULBERTSON, P. J.

This cause was originally filed in the Supreme Court of this State and was transferred to the Second District Appellate Court, and is before us on assignment to this District.

The cause originated as a declaratory judgment proceeding initiated by the plaintiff, Gertrude D. Hoffmann, as against defendant, The City of Waukegan, a municipal corporation, seeking a finding that the provisions of the Zoning Ordinance of the City of Waukegan, as applied to the property of the plaintiff are unreasonable or without substantial relationship to public health, safety, and welfare, and are consequently, unconstitutional and void as applied to plaintiff's particular property. The validity of the Ordinance generally is not questioned.

Plaintiff's tract under consideration is a 31-acre unimproved tract of land located at the southwest corner of Lewis Avenue and Holdridge Road, in Waukegan, Illinois (1,070 feet by 1300 feet). Under the Waukegan Zoning Ordinance as amended in 1961, the premises are zoned R–1, which is a residential classification permitting single family dwellings (10,000 sq. ft. minimum lot size). The basic objective of plaintiff is to achieve in effect a rezoning of the east 9.7 acres to a B–3 business classification, and the west 21.3 acres to R–5, multiple-family residence classification, to permit apartment construction.

At the intersection of Lewis and Holdridge there are three small tracts at the northwest, northeast, and southeast corners which are zoned B–3, permitting a business use. All of the remainder of the property surrounding plaintiff's tract is zoned residential. There is no apartment zoning within 1.3 miles of the property under consideration.

Plaintiff, preliminary to the filing of the present action, sought administrative relief initially by petitioning the City of Waukegan for rezoning. Such application, while approved by the Zoning Board of Appeals, was rejected by the City Council and rezoning was denied.

The cause before us was tried by the Circuit Court. In the course of such trial it appeared that property to the north and in the surrounding territory was undergoing rapid development for single family residential use. There was evidence that the property of plaintiff is suitable for development as now zoned, for residential purposes, and there was a conflict in the evidence as to the extent to which the value of the premises would be impaired by its present classification. There was evidence to the effect, in substance, that it would be worth as much as $350,000 more if rezoned for shopping center and apartment purposes than if not rezoned. It is sufficient for our purposes to point out that there was substantial evidence offered on behalf of defendant that the proposed development of the portion of the premises sought to be zoned for business use and to a shopping center, and that the use of the residue of the premises for multiple dwellings would have an adverse effect on the value of the property, create additional traffic congestion, be destructive to the general characteristics of the neighborhood as a residential neighborhood; also that the premises could be used effectively under the present zoning classification for single family resi-

dences; and additionally, that the rezoning would be inconsistent with the area plan for single family dwellings, and that there was no community need either for the shopping center or business use, or for apartments, since there were more than enough of such facilities available generally.

■ The basic considerations in a cause such as is now before us were outlined by our Supreme Court in LaSalle Nat. Bank of Chicago v. County of Cook, 12 Ill2d 40, 46, 145 NE2d 65. The Court pointed out that the factors to be considered in the trial of such cause and a determination of whether or not the ordinance is unreasonable as applied to the particular property are: (1) The existing uses and zoning of nearby property; (2) The extent to which property values are diminished by the particular zoning restrictions; (3) The extent to which limitation or destruction of property values of plaintiff promotes the general health, safety and welfare; (4) The relative gain to the public as compared to the hardship imposed upon plaintiff; (5) The suitability of the particular property for the purposes for which it is now zoned; and (6) The length of time that the property has been vacant, as zoned, considered in the context of land development in the area in which the property is located. In Sinclair Pipe Line Co. v. Village of Richton Park, 19 Ill2d 370, 378, 167 NE2d 406, the Court referred to two additional considerations: (1) The care with which the community has undertaken to plan its land use development; and (2) The evidence or lack of evidence of community need for the use proposed by the property owner.

■ The Courts have reiterated that a Zoning Ordinance is presumably valid, and the burden is on a plaintiff seeking to attack an ordinance, to prove by clear and convincing evidence that the ordinance is unreasonable and unrelated to public health, safety, or welfare (LaSalle Nat. Bank v. County of Cook,

supra; Sinclair Pipe Line Co. v. Village of Richton Park, supra). The Courts have, likewise, emphasized that where there is a fair difference of opinion concerning the validity of a Zoning Ordinance, the legislative judgment prevails (Wehrmeister v. County of DuPage, 10 Ill2d 604, 141 NE2d 26). Our Courts have also pointed out that the mere fact that plaintiff would suffer a reduction in value or a substantial loss is not decisive in a determination of the validity of a zoning ordinance (First Nat. Bank of Lake Forest v. County of Lake, 7 Ill2d 213, 130 NE2d 267). As stated in Cosmopolitan Nat. Bank of Chicago v. Village of Mt. Prospect, 22 Ill2d 463, 470, 177 NE2d 365: "The fact that plaintiff's land would be worth more if the existing zoning ordinance were invalidated is not, of course, determinative. As we pointed out in Bolger v. Village of Mt. Prospect, 10 Ill2d 596, 602, 141 NE2d 22, 'that is true in nearly every zoning case in which the use of property is limited.' "

█ In the present case it is obvious from the record that there is room for a difference of opinion regarding the reasonableness of the ordinance. In such case it has been uniformly the conclusion of the Courts that the ordinance should be upheld. It is apparent that in practically any case where a plaintiff seeks a commercial or more favorable rezoning from residential use, a showing can be made that a plaintiff can make more money or have more valuable land if it is rezoned commercial or some more favorable use. All of the various factors which have been enumerated in LaSalle Nat. Bank v. County of Cook, supra, should be considered. In connection with the consideration of the relative gain to the public, it is not inappropriate to consider also the lack of a community need for the uses for which the property is sought to be rezoned. While these would not in themselves be conclusive factors, the circumstance that there are substantial apartment facilities in the area as shown by

the record, and that no community need for the commercial facility was shown, were obvious factors which in part, may have motivated the legislative body in denying the proposed rezoning. It is, however, basic to a consideration of such cases on review that the presumption of validity of the ordinance will prevail, particularly if there is a fair difference of opinion apparent from the record, as is true in this case.

We must, therefore, conclude that the legislative judgment, on the record, should prevail and that the order of the Circuit Court of Lake County should be affirmed.

Affirmed.

SCHEINEMAN and ROETH, JJ., concur.