**George J. Dolton, et al., and Franklin R. Dolton, Executor of the Estate of Grace M. Dolton, Deceased, Plaintiffs, v. The Village of Mundelein, a Municipal Corporation of the State of Illinois, Defendant.**

Gen. No. 67–5.

Second District.

September 5, 1967.

---

Adeline Geocaris and George D. Karcazes, of Chicago, for appellant.

Hall, Meyer, Fisher, Holmberg, Snook and May, of Waukegan, for appellees.

JUDGE BAUER delivered the opinion of the court.

This cause originated as a suit for declaratory judgment initiated by the plaintiffs against the Village of Mundelein, Illinois, seeking a finding that the zoning ordinance of the defendant Municipal corporation was, as it applied to the plaintiffs' property, unreasonable and without substantial relationship to public health,

safety or morals and was therefore arbitrary, unconstitutional and void as applied to the plaintiffs' particular property.

The land site in question is located on a solid block bounded on one side by state route #63, on another by state route #176, and on the remaining two sides by two villages streets: Glenview Avenue and Bonniebrook Avenue. In land area, the property contains 2.18 acres and is improved by two residential buildings, one a ten-room frame house and the other a five-room frame home.

Immediately north of the subject property, lying within the Village of Mundelein, there is a gasoline service station. On the southwest corner of state routes #176 and #63, there is another gasoline service station; this corner is, however, located outside the limits of the village and its zoning character was determined by the Lake County authorities. South of this gasoline station there is a Medical Center located on property within the village. The property on the northwest corner lies without the village and is vacant. The character of the property to the immediate east and south of the subject property, although partially vacant, is zoned R–2, (single family) and what uses are made of this land are of that character.

The owners of the property sought a rezoning from R–2 (single family) to B–2 (Business) District classification from the various authorities of the village but the petition for rezoning was denied and this law suit resulted.

During the course of the trial, the plaintiffs submitted a plan site which, in the barest of terms, set out a proposed use of the property under a B–2 (Business) zoning classification. This included a gasoline station on the corner of the property bounded by the two state highways and additional rather undefined business uses

for the remaining portion of the land. No specific plans for any use were submitted by the plaintiffs or considered by the court.

In addition to the testimony relating to surrounding land use, which was substantially undisputed, there was considerable testimony, as usual in conflict, as to the highest and best use of the property. It is interesting to note that not a single expert witness for either the property owners or the village testified that the highest and best use was the present R–2 zoning.

Considerable testimony was adduced relating to the relative value of the property in its presently zoned status as compared to its value as a business tract and, also, the impact of a change of zoning would have on property values of the surrounding land.

 The rule that a zoning ordinance is presumed valid, and the burden is on a plaintiff seeking to attack an ordinance, to prove by clear and convincing evidence that the ordinance is unreasonable and unrelated to public health, safety, or welfare is well established, (Hoffmann v. City of Waukegan, 51 Ill App2d, 241, 244, 201 NE2d 177 (1964).) It is also clear that where room for a reasonable difference of opinion exists regarding the validity of the ordinance, the courts will uphold the ordinance. (Wehrmeister v. County of Du Page 10 Ill 2d 604, 609, 141 NE2d 26 (1957).)

 In the case at hand, however, the record overwhelmingly demonstrates that the zoning ordinance of the Village of Mundelein was unreasonable as it related to the land in question. The character of the surrounding property, the location of the state highways and virtually all the factors set forth in La Salle Nat. Bank v. County of Cook, 12 Ill2d 40, 145 NE2d 65 (1957) and the additional factors set forth in Sinclair Pipe Line v. Richton Park, 19 Ill2d 370, 167 NE2d 406 (1960) indicate

clearly that the R–2 zoning was unreasonable. The trial court so found and we affirm such finding.

The decree, however, went beyond such a finding and, in fact, rezoned the property by enjoining the village from any attempt to prevent the plaintiffs from using the property for any use permitted under the B–2 (Business) District. (The decree provided for some exceptions which the plaintiffs had agreed they would not request.) The decree further provided that:

> "An automobile service station and other business enterprises may be constructed on the subject premises in substantial compliance with plaintiff's plan and site plan, identified as plaintiff's exhibit No. 16, and the applicable building ordinance of the Village of Mundelein in effect at the date hereof. . . ."

The difficulty, of course, is that the exhibit referred to (plaintiffs' exhibit No. 16) is, to quote the witness who prepared it, "a suggested layout." No specific plans were submitted. The plaintiffs' exhibit No. 16, being merely a brief sketch of a proposed use, meant that any admonition that buildings must be in "substantial compliance" must of necessity refer only to a general geographic position. ██ In effect, then, the decree purported to rezone the property in question from R–2 to B–2 zoning. In our opinion, the court had no power to do this. As was pointed out in Harshman v. City of DeKalb, 64 Ill App2d 347, 212 NE2d 146 at page 353:

> "It is imperative that there be clear evidence before the court of the specific use to which the owner intends to develop his property and the order framed in reference to it."

The judgment of the trial court is affirmed as to its finding that the existing zoning is void as it affects the

subject property. Insofar as the order of trial court permits the owners to make improvements permitted under the business classification of the ordinance, it is reversed and remanded. The remandment is with directions that the trial court hear further and more specific evidence relative to the business use to which plaintiffs propose to devote their property and the compatibility of such use with the uses of the surrounding property.

Affirmed in part and reversed and remanded in part with directions.

DAVIS, P. J. and ABRAHAMSON, J., concur.