Guaranty Bank and Trust Company, as Trustee Under Trust Number 10491, Plaintiff-Appellant, v. Village of Lombard, a Municipal Corporation in the State of Illinois, Defendant-Appellee.

Gen. No. 67–131.

Second District.

March 28, 1968.

Haft, Shapiro and Haft, of Chicago, for appellant.

Jack E. Bowers, of Downers Grove, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an action whereby the plaintiff-appellant, Guaranty Bank and Trust Company, as Trustee, prayed for a declaratory judgment that the zoning ordinance number 842 of the Village of Lombard, defendant-appellee, is unconstitutional and void in its application to the plaintiff's property; and that the defendant, its officers, agents and employees, be restrained from enforcing any restrictions against the property presently zoned as R–2 Single-Family Residence District, except those restrictions set forth under R–4 General Residence District, which included multiple-family dwellings, single-family attached, or semiattached dwellings, and two-family detached dwellings. Judgment was entered for the defendant and this appeal followed.

The plaintiff proposes to construct a multi-unit development on the land in question, which is approximately 1,800 feet in length extending in an easterly-westerly direction, 300 feet deep, containing 13.7 acres, and located in the north central portion of the defendant Village. The property is three blocks south of North Avenue— Route 64. Its northerly boundary is Sunset Avenue; its east line is 173.6 feet west of Grace Street; its west line is 244.9 feet west of Garfield Street, and its south boundary is 325.64 feet south of Sunset Avenue.

The subject tract is completely surrounded by property zoned for and improved with single-family residences, ex-

cept that only one residence is located on the property south of Sunset Avenue, west of Grace Street and east of the subject property.

Certain nonresidential uses do exist in the area: a school is located two blocks south and one block west of the subject tract; a church one-half block west thereof; a commercial building one block north on the northeast corner of Goebel Drive and Main Street; a gasoline service station three blocks north on the southeast corner of North Avenue and Main Street; and the north side of North Avenue is zoned for industrial purposes and its south side—east of Grace Street—is zoned for business developments and for single-family institutional uses.

The property is a part of a platted subdivision known as Lombard Lilac Hills. It is intersected from east to west by the following north-south streets, as shown on the plat: Lombard Avenue, Stewart Avenue, Craig Place, Martha Street and Garfield Street. The plat indicates that a cul-de-sac for turning purposes is located at the southern boundary of the subject tract in both Lombard and Stewart Avenues. All of said streets extend into Sunset Avenue and certain of them proceed northward. The plaintiff's witnesses stated that the adoption of the proposed plan would require the vacation of the existing streets in the subject property. The evidence failed to establish that the property could not be sold for single-family residential purposes.

The plaintiff requested the Zoning Board of Appeals and the authorities of the defendant Village to rezone the subject property to R–4. However, the plaintiff submitted a specific plan to the trial court. It consisted of thirty-three detached or semiattached buildings which would contain one hundred fifty, two-bedroom units. Within each of the clusters of buildings, large front yards were provided with landscape features such as pools, terraces and appropriate shrubbery.

The plan also contemplated that each of the five platted streets above named would cul-de-sac and end in front of and adjacent to a cluster of buildings located about 150 feet south of Sunset Avenue; and that the platted street area north of the cul-de-sacs would be used for parking purposes for such buildings, and for delivery, garbage and other services.

The testimony indicated that the water and sewer lines were in the platted streets in question. One of the plaintiff's witnesses testified that the mayor of the defendant Village indicated that the village would vacate the necessary streets for the plan. However, the evidence does not show that any action was taken by the village. The testimony was conflicting as to whether such plan would depreciate the value of the immediate surrounding residences.

Expert witnesses testified for both parties litigant with reference to the highest and best use of the property and relative to its value for single-family residential use— R-2, and multiple-family use—R-4. The plaintiff's witnesses were of the opinion that the highest and best use of the property was for multiple-family use and the defendant's witnesses opined that such use was for single-family residences. All witnesses testified in general that the value of the property for multi-family purposes was $300,000, while the value for single-family residential use would be from $125,000 to $199,750.

The plaintiff urges that there is no evidence that the Village ordinance as it applies to its property bears any reasonable relation to the public health, safety, morals, comfort, or general welfare of the community; that the economic hardship imposed upon it is apparent, while the gain or detriment to nearby homeowners is uncertain; and that the invasion of plaintiff's property rights under the police power is unreasonable, confiscatory and invalid. The plaintiff also suggests that the court had

the right to hold the zoning ordinance valid, but decree a variance so that the plaintiff could proceed with its development without village interference; and that the overwhelming weight of plaintiff's testimony required the court to enter a decree in its favor.

The defendant contends that zoning ordinances are presumed to be valid and a person attacking their validity has the burden of proving them to be arbitrary and unreasonable; and that where there is a legitimate dispute as to the desirability of a zoning classification, courts will not interfere to substitute their judgment for that of the duly constituted legislative body. The defendant further urges that the fact that there would be a substantial increase in value in plaintiff's property if relief were granted, is not determinative of the issue; and that the most important of all the factors to be considered in a zoning case is the use and zoning classification of surrounding properties—the character of the neighborhood.

The factors to be considered in determining whether a given zoning ordinance is invalid as applied to particular property have often been repeated. See: Myers v. City of Elmhurst, 12 Ill2d 537, 543, 544, 147 NE2d 300 (1958); LaSalle Nat. Bank of Chicago v. County of Cook, 12 Ill2d 40, 46, 47, 145 NE2d 65 (1957); Mutz v. Village of Villa Park, 83 Ill App2d 1, 8, 226 NE2d 644 (1967); Hoffmann v. City of Waukegan, 51 Ill App2d 241, 244, 201 NE2d 177 (1964). Such factors will be referred to herein insofar as they are relevant to the determination of this case.

The evidence established that the proposed R–4 use would be a more intense use of the property than the use under its present R–2 zoning. The population density under the proposed zoning would increase from fifty to sixty percent. And, the proposed plan called for the closing of the five streets in question. It is not unreasonable to believe that the trial court concluded that these

472

matters were related to the public health, safety, morals, comfort and general welfare of the community. Such conclusion would not be against the manifest weight of the evidence.

██ We recognize that the zoning ordinance adopted by the Village is presumed valid and the burden of showing it unreasonable and oppressive as applied to plaintiff's land, rested upon it. Camboni's, Inc. v. DuPage County, 26 Ill2d 427, 432, 187 NE2d 212 (1963); First Nat. Bank of Lake Forest v. County of Lake, 7 Ill2d 213, 225, 130 NE2d 267 (1955); Mutz v. Village of Villa Park, supra; Fiore v. City of Highland Park, 76 Ill App2d 62, 71, 221 NE2d 323 (1966). In challenging the ordinance's validity as applied to its property, the burden was on the plaintiff to overcome this presumption, and to prove by clear and convincing evidence that the ordinance was unreasonable and unrelated to public health, safety or welfare. Bennett v. City of Chicago, 24 Ill2d 270, 273, 274, 181 NE2d 96 (1962); Mutz v. Village of Villa Park, supra; Fiore v. City of Highland Park, supra; Hoffmann v. City of Waukegan, supra. We do not believe that the plaintiff sustained the burden of proof in this respect.

██ Due to this presumption, if it appears from all of the evidence that there is justification for a legitimate difference of opinion as to the reasonableness of the ordinance, the legislative judgment of the village must then be upheld. Urann v. Village of Hinsdale, 30 Ill2d 170, 175, 195 NE2d 643 (1964); First Nat. Bank of Lake Forest v. County of Lake, supra, 226; Mutz v. Village of Villa Park, supra; Fiore v. City of Highland Park, supra; Bowler v. Village of Skokie, 57 Ill App2d 321, 325, 207 NE2d 117 (1965). However, the fact that there is a difference of opinion among the witnesses—lay and expert—, does not mean that the court must find that the reasonableness of the ordinance is debatable and, thence, uphold the ordinance. In cases of this nature, a court must expect differences of opinion. It is for the court to

determine from all of the facts whether the differences of opinion are reasonable and justifiable. Myers v. City of Elmhurst, supra, 544; LaSalle Nat. Bank of Chicago v. County of Cook, supra, 47; Mutz v. Village of Villa Park, supra, 9. From the evidence in the case at bar, we conclude that there was justification for a legitimate difference of opinion as to the reasonableness of the ordinance, and that the legislative judgment of the defendant Village must prevail.

██ ██ While the evidence established that there was a substantial difference in the value of the plaintiff's property dependent upon its zoning classification, such fact alone is not decisive of the case. Ryan v. City of Elmhurst, 28 Ill2d 196, 198, 190 NE2d 737 (1963). Such circumstance is one of the factors to be considered in determining the validity of the zoning ordinance, particularly where, as here, there was testimony that the proposed use would depreciate the value of other property in the area. Bolger v. Village of Mount Prospect, 10 Ill2d 596, 602, 141 NE2d 22 (1957). In view of all the evidence, we do not believe that the plaintiff has proved that the zoning ordinance, as applied to its property, is arbitrary, capricious and unreasonable, as charged in its complaint.

██ The plaintiff admits that the immediate area of the property sought to be rezoned "is characterized by single-family dwellings." We agree. It is logical to believe that single-family residential property abutting multiple-family uses, where five streets must be closed and the population intensity is to be increased by fifty to sixty per cent, will be depreciated in value. These adjacent single-family residence owners had a right to rely upon the existing zoning and that it would not be changed unless for the public good. Bolger v. Village of Mount Prospect, supra, 603.

██ A zoning classification must be upheld if it bears a substantial relation to public health, safety, comfort,

474

morals and welfare and is not an arbitrary exercise of the police power. Ryan v. City of Elmhurst, supra, 198; Bolger v. Village of Mount Prospect, supra, 602. We believe that the ordinance in question meets this test.

In the light of our conclusion, we do not reach the plaintiff's contention that the trial court had the right to hold the zoning ordinance valid but decree a variance in order that the proposed development could proceed without interference by the defendant Village.

 We find nothing in the record which would warrant the substitution of our judgment for that of the legislative body whose action the trial court affirmed. It is our duty to review the evidence and to reverse the verdicts of juries or judgments of trial courts whenever we find such verdicts or judgments against the manifest weight of the evidence. Elgin Lumber & Supply Co. v. Malenius, 90 Ill App2d 90, 232 NE2d 319, 323 (1967); Revcor, Inc. v. Fame, Inc., 85 Ill App2d 350, 356, 228 NE2d 742 (1967). In the case at bar we cannot hold that the findings of the trial court were against the manifest weight of the evidence. Accordingly, the judgment of the trial court should be affirmed.

The judgment of the Circuit Court of DuPage County is, therefore, affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.