Merchants National Bank of Aurora, etc., et al., Plaintiffs-Appellants, v. City of Aurora, Illinois, etc., Defendant-Appellee, and Glen E. Lamphere, et al., Intervenors-Appellees.

Gen. No. 69–62.

Second District.

February 5, 1970.

Goldsmith, Dyer, Thelin & Schiller, of Aurora, for appellants.

William J. Foote, Corporation Counsel, and O'Brien, Burnell, Puckett & Barnett, of Aurora, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is a suit to declare the City of Aurora zoning ordinance void as applied to the plaintiffs' land. The ordinance presently restricts the use of the land to single-family residences, and the plaintiffs seek to use the property for the operation of a gasoline service station. The trial court entered judgment against the plaintiffs and upheld the validity of the ordinance as applied

to this particular property. The plaintiffs contend that the judgment was contrary to the weight of the evidence, and that the trial court erred in denying their motion to reopen the proofs to admit further evidence following the judgment.

The plaintiffs' land is at the northwest corner of the intersection of Bangs Street and Ashland Avenue in the City of Aurora, and is improved with a two-bedroom, single-family residence. The other corners at the intersection are being utilized for commercial uses. There is a gasoline service station at the southwest corner; a small shopping or convenience center at the southeast corner; and a tavern and several other commercial uses at the northeast corner.

The entire block in which the plaintiffs' property is located is devoted to single-family residential use. Bangs Street is a rather narrow, north-south, residential-type street, without curbs and gutters. Ashland Avenue is an east-west street, and while it is without curbs and gutters in this area, it is a more principal thoroughfare. As extended westerly, it is one of the streets within the city which has a bridge crossing the river which divides the city, but it ends approximately three blocks east of the subject property, at a city park and lake.

The plaintiffs' property is located on a potential dividing line for land use in the immediate area. To the north and west, the land use is almost exclusively residential. Across Ashland Avenue to the south, is the aforesaid gasoline service station, and the land immediately to the west of it is also zoned for commercial use. The gasoline station site was originally swampland and considerable fill and support was required before it could be utilized for any purpose. The land adjoining it is of the same character. The north side of Ashland Avenue, westerly from the plaintiffs' property, is res-

idential. The north side of Ashland Avenue, across Bangs Street and to the east, is commercial for two blocks.

The east side of Bangs Street—in the block immediately across from the block in which the plaintiffs' property is located—is all devoted to commercial use. In addition to the tavern and liquor store, there is a beauty shop, driver's license bureau, and a body and sandblasting shop. The latter is at the northerly end of the business development and is across from the plaintiff's house. All of the buildings are set back considerably from the street.

All of the property in the immediate area is either at the edge of, or outside of, the city limits. Much of the commercial zoning across the streets in question, was the result of county action. The plaintiff, John Diederich, built his house in 1953. He then also owned the property on the northeast corner of the intersection— the property on which the tavern is located. He obtained the change in zoning on that property, from farming to business, in 1949. The other properties on the east side of Bangs Street had been zoned by the county, for business use, since 1937. The zoning of the property on the southeast corner of the intersection— that being used as a convenience shopping center— was changed by the county, from farming to business, in 1955. This also was changed at the request of Diederich, who then owned the land. The gasoline station was also zoned by the county for the commercial use.

The plaintiffs' property was valued at $20,000 for residential purposes, and at $35,000 if it could be used for a gasoline filling station. Most of the homes in the same block as the subject property were valued at $20,000 or more. The property immediately north of the subject property is in the county and is zoned for farming. To the north of that, on the north corner of the block fronting on Bangs Street, is a vacant lot, which

is approximately 84 x 82 feet. It, likewise, was zoned for business by the county.

The land immediately north of the plaintiffs' property is improved with a single-family residence. Recently, its owner applied to the county for a change from farming to business zoning. The request was denied. The plaintiffs' property was outside the city limits in 1966, and at that time they sought business rezoning from the county, but were denied such zoning.

The plaintiffs' witnesses testifed that the rear of the plaintiffs' property, which is landscaped with shrubbery, was the most suitable division line between the business and residential zoning; that the uses presently being made of the other properties at the intersection where the plaintiff's property is located, dictated the character of the plaintiffs' property; that its highest and best use was for commercial purposes, which included a gasoline filling station; and that such use would not adversely affect the values of the other residential properties in the block.

The defendant's evidence indicated that Bangs Street was a proper dividing line between business and residential uses, and that the use sought by the plaintiffs would depreciate the value of the various other residential properties in the block from between $2,000 to $6,000 each.

Factually, this is a close case. The four corners of the intersection of Bangs Street and Ashland Avenue, with the exception of the plaintiffs' property at the northwest corner, are devoted exclusively to commercial uses, as is the other side of Bangs Street facing the plaintiffs' property. The block in which the plaintiffs' property is located is devoted entirely to residential uses. This is so, notwithstanding the fact that at the other end of the block—still in the county—one lot is zoned for business use. However, this lot is vacant; apparently, its small size has deterred its use for busi-

183

ness purposes. The county has recently refused to further expand the business use classification in this area by declining to rezone the property adjoining that of the plaintiffs. Thus, the plaintiffs' property appears to be right at the corner of the residential district and it is surrounded by business uses.

The factors to be considered in a rezoning case are well known. See: Tillitson v. City of Urbana, 29 Ill2d 22, 27, 193 NE2d 1 (1963); Myers v. City of Elmhurst, 12 Ill2d 537, 543, 544, 147 NE2d 300 (1958). The business uses being made of nearby properties are, for the most part, the result of the plaintiffs' initiative. The business classifications of these properties are not the product of a recent trend or direction in the use to be made of land in this area, but, rather are the result of the county zoning classification which has existed for some time. This does not appear to be the type of case in which recent trends or developments can dictate the reasonableness or unreasonableness of the zoning classification of the plaintiffs' property.

Interestingly, the plaintiffs built and lived in their house on Bangs Street which was nearby the business uses which they had created. Consequently, the argument which they now make—that the property is not suitable for residential use because of the surrounding businesses—is somewhat diluted. First Nat. Bank of Skokie v. Chicago, 25 Ill2d 366, 369, 185 NE2d 181 (1962); Bolger v. Village of Mount Prospect, 10 Ill2d 596, 602, 141 NE2d 22 (1957).

The plaintiffs' own witnesses testified that the property had a value of $20,000 as residential property. Apparently, it is not totally unsuitable for such use. The fact that the property is located on a street that may be somewhat heavily traveled does not render invalid its single-family zoning classification. River Forest State Bank & Trust Co. v. Maywood, 23 Ill2d

560, 563, 179 NE2d 671 (1962); Wehrmeister v. County of Du Page, 10 Ill2d 604, 609, 141 NE2d 26 (1957); Kellett v. County of Du Page, 89 Ill App2d 437, 443, 231 NE2d 706 (1967). Also, the circumstance that this property might be less desirable for residential use than other neighboring properties, because of the commercial use across the street, does not render the zoning ordinance confiscatory. Bolger v. Village of Mount Prospect, supra; Wehrmeister v. County of Du Page, supra. The fact that the property would be more valuable if it were zoned to permit a gasoline service station thereon, does not, standing alone, indicate that the zoning ordinance is confiscatory and unreasonable. Elmer Clavey, Inc. v. City of Highland Park, 75 Ill App2d 464, 470, 220 NE2d 93 (1966); Hoffmann v. City of Waukegan, 51 Ill App2d 241, 244, 201 NE2d 177 (1964). This normally is the case.

It seems to us that the testimony of the defendant's witnesses, as to the damage which would be sustained by the neighboring residential properties in the block, is very credible. All zoning classifications must start and stop somewhere. The plaintiff's own witnesses seem to concede that the borderline of business zoning in this area is at the plaintiffs' property. It is their opinion that the proper borderline, however, is at the rear of this property. We believe that if the dividing line were so placed, it would only invite further intrusion into the residential zoning classification in the block in which the plaintiffs' property is located; and that Ashland Avenue and Bangs Street represent a more natural and beneficial boundary line for use purposes. Bennett v. City of Chicago, 24 Ill2d 270, 273, 181 NE2d 96 (1962).

■ ■ The defendants certainly are aided by the presumption favoring the validity of the existing zoning ordinance. The burden imposed upon the plaintiffs is to establish by clear and convincing evidence that the ordi-

nance, as applied to their property, is arbitrary and unreasonable and without substantial relation to the public health, safety, comfort, morals or general welfare. Bennett v. City of Chicago, supra, 273, 274; Kellett v. County of Du Page, supra, 442.

It is not enough for the plaintiffs to establish that "the property *could* reasonably be classified as plaintiffs wish, nor indeed that the court *would* classify it otherwise." Kellett v. County of Du Page, supra, 442.

■ ■ The courts are not to act as super zoning boards. Where there is room for a legitimate difference of opinion concerning the reasonableness of the ordinance, the legislative judgment is conclusive. Vedovell v. City of Northlake, 22 Ill2d 611, 615, 177 NE2d 124 (1961) ; Mutz v. Village of Villa Park, 83 Ill App2d 1, 11, 226 NE2d 664 (1967) ; Koplos v. City of Rockford, 62 Ill App2d 268, 273, 274, 210 NE2d 629 (1965). Such is the case here, and the trial court was thus correct in refusing to declare the zoning ordinance confiscatory and unreasonable.

■ We are of the opinion that the trial court did not err in refusing to reopen the proofs subsequent to judgment. Suffice it to say that the supposed new evidence related to property at the corner of Ashland Avenue and Union Street, which is east of Bangs Street and the plaintiffs' property. We have indicated that at this location the apparent determination of the legislative body that Bangs Street is an appropriate dividing line is not unreasonable. Further, the new zoning ordinance as to that property—which is the new evidence that the plaintiffs seek to introduce—was merely the result of the city annexing the property under a zoning ordinance which would permit the continued business use made of the property under the county zoning ordinance. The fact that this property had been zoned for a business

186

use by the county was already in evidence before the court.

We find no error in the judgment of the trial court and its judgment must be affirmed.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.