WILLIAM SCHULTZ et al., Plaintiffs-Appellees, v. THE VILLAGE OF LISLE, Defendant-Appellant.

(No. 70-44; ▮▮▮▮▮▮▮▮)

Second District—September 14, 1971.

428

Nadelhoffer, Hennessy & Dommermuth, of Naperville, (Richard Hill, of counsel,) for appellant.

Leonard Bosgraf and Arthur C. Thorpe, both of Chicago, for appellees.

Mr. PRESIDING JUSTICE T. MORAN delivered the opinion of the court:

The plaintiffs brought this declaratory judgment action against the Village of Lisle, praying that its zoning ordinance be declared null and void as applied to their property.

The trial court found that the ordinance bore no relation to the public health, safety, comfort, morals and welfare, and that it was, therefore, void as applied to the plaintiffs' property. The court entered judgment for the plaintiffs and granted them the relief prayed for in their complaint—that the Village issue a permit to the plaintiffs to construct a gasoline service station on the premises.

The plaintiffs, Schultz and Palmer, and their respective wives, are adjoining landowners of the property which is the subject of this suit. The tract in question consists of 4 fifty foot lots and is located at the northeast corner of Illinois Route 53 and Burlington Avenue, in Lisle, Illinois. It is zoned for single-family residential use, and is improved with two single-family residences with detached garages. One residence has been occupied by the Schultzes since its construction by them about fifteen years ago; the Palmers have occupied the other since their purchase of it in 1967.

The entire block in which the subject property is located is zoned and used for single-family residences. The property west of the subject property (across Route 53, fronting on the north side of Burlington Avenue) is also zoned and used for single-family residences. This zoning extends northward as far as the southerly boundary of lots fronting on Ogden Avenue. One hundred feet to the east of the subject property is Garfield Avenue, a north-south street. The property on the east side of Garfield Avenue is zoned partially for two-family residences and partially for multiple family residences, except for two losts which are used as auxiliary parking for property further east on Main Street.

The south side of Burlington Avenue, west of Route 53, is zoned for two-family residences and to the east, is zoned for commercial business. Commercial establishments predominate although there are two residential uses in the block. The west side of Main Street (which is the next street east of Garfield, between Burlington and Ogden Avenues) comprises part of the main business district of the Village and is zoned commercial. A portion of this business district lies about three hundred feet from the plaintiffs' property.

Route 53 and Burlington Avenue are controlled by traffic signals. Route 53 is a four-lane divided highway extending approximately four

hundred fifty feet north of the subject property where it meets with Ogden Avenue at a clover-leaf type intersection. Route 53 is a heavily travelled highway, while Burlington Avenue carries a considerable amount of rush hour traffic. Burlington and Ogden Avenues are the primary east-west roads leading to and from the village business district. The tracks of the Chicago Burlington and Quincy Railroad lie south and adjacent to the lots facing Burlington Avenue, and the property south of these tracks is zoned for business and manufacturing purposes.

The evidence on behalf of the plaintiffs indicated that the Schultzes built their home on a part of the subject property in 1955, when the area was entirely residential, and that almost contemporaneously, the restaurant across the street was built. Subsequently, the restaurant obtained a liquor permit. After Route 53 was widened, the restaurant installed a parking lot on the south side of Burlington Avenue, across the streetfrom the Palmers' house. Two years previous to this suit, an apartment building was erected on the north side of Burlington Avenue, about 200 feet east of the property.

There was evidence of the construction of a manufacturing plant, a bowling alley and a professional building further south of Burlington Avenue of Route 53, and of the construction of two gasoline stations north of Ogden Avenue on Route 53. The record also indicates that the restaurant across the street from the subject property was the source of a great deal of noise.

The plaintiffs offered expert testimony to the effect that the land, as presently zoned, was worth about $40,000, while if zoned to permit its use for a service station, would be worth approximately $115,000. The testimony was that the highest and best use of the property would be for a commercial enterprise, and that a service station would fall within that classification and use. The expert witness testified that the use of the property for a gasoline service station would not have a deleterious effect on the property in the immediate surrounding area because it had already been depreciated by the commercial uses along the south side of Burlington Avenue and the traffic on Route 53.

However, one of the plaintiffs' witnesses did state that he believed that a gasoline station would have a negative effect on the surrounding property, although it was his opinion that the entire area east of Route 53 (between Ogden Avenue on the north, and the Chicago, Burlington and Quincy tracks on the south) was not suitable for single-family dwellings; that Route 53 would be a logical line of demarcation between the residential area to the west and the commercial area to the east; and that the trend of development in the area was toward retail commercial use, rather than residential.

The defendant's evidence was to the effect that the highest and best use of the subject property and that of the surrounding area, would be for apartment buildings (although present zoning would not permit such use); that the public health, safety, morals and welfare would not be served by the building of a gasoline service station on the property; that there would be a depreciating effect on the value of various surrounding properties if a gasoline service station were built on the subject property; and that the use of the property for a gasoline service station would have the effect of creating a heterogeneous, rather than a uniform development of the area, and would constitute spot zoning.

The defendant's witnesses conceded that single-family residential use was not the appropriate limitation for the plaintiffs', and the surrounding property, but their testimony was that all of the said property was, and should be, residential in character, although of a greater density than single-family.

■■ To be valid, a zoning classification must bear a substantial relation to the public health, safety, morals or general welfare. (*Marquette Nat. Bk. v. County of Cook* (1962), 24 Ill.2d 497, 501, 502; *First National Bank v. County of Cook* (1958), 15 Ill.2d 26, 31; *Mutz v. Village of Villa Park* (1967), 83 Ill.App.2d 1, 9.) The defendant's zoning ordinance is presumed to be valid and the plaintiffs assume the burden of establishing that it was unreasonable and oppressive as applied to their land. (*Camboni's, Inc. v. Du Page County* (1963), 26 Ill.2d 427, 432; *Fiore v. City of Highland Park* (1966), 76 Ill.App.2d 62, 71.) To overcome the presumption of validity, the plaintiffs must establish by clear and convincing evidence that the ordinance is arbitrary and unreasonable and unrelated to the public health, morals, safety and welfare. *Gans v. City of Chicago* (1968), 102 Ill.App.2d 456, 465; *Whittingham v. Village of Downers Grove* (1968), 101 Ill.App.2d 166, 170.

■■ The plaintiffs have meet their burden of proof as to the invalidity of the existing ordinance as applied to their property. Even the defendant's evidence supports the contention that the existing zoning limitation is not warranted, and that the property should not be limited to a single-family residential use.

However, even though the plaintiffs have met their burden as to the invalidity of the existing zoning, this alone does not fulfil their burden of proof in this case. The complaint alleges that the plaintiff, Yale Development Company, had entered into a contract to purchase the subject property, subject to being zoned for use as a gasoline service station. The substance of the prayer for relief is that this property be permitted to be used as a gasoline service station.

■■■ Thus, in addition to establishing the invalidity of the existing

ordinance, the plaintiff also has the burden of showing that its proposed use is reasonable. (*Mangel & Co. v. Village of Wilmette* (1969), 115 Ill.App.2d 383, 391.) On this issue, substantially the same factors are considered as those involved in the determination of whether an existing ordinance is reasonable, and the court must look to the proposed use and determine its reasonableness in relation to the public health, morals, safety and welfare in the normal zoning concepts. The order of a court, if the existing zoning is found void, must then be framed with reference to the contemplated use—the use to which the complaint was addressed and the evidence directed.

■■ The courts should not act as super zoning boards, nor should they enter orders or decrees which would leave the property unzoned, or permit its subsequent use for a purpose entirely different from that induced by the evidence in the case. (*Bredberg v. City of Wheaton*, (1962), 24 Ill.2d 612, 624; *Sinclair Pipe Line v. Richton Park* (1960), 19 Ill.2d 370, 379; *Franklin v. Vil. of Franklin Park*, (1960), 19 Ill.2d 381, 385; *Dolton v. Village of Mundelein* (1967), 86 Ill.App.2d 245, 250; *Fiore v. City of Highland Park, supra* 76; *Harshman v. City of De Kalb*, (1965), 64 Ill.App.2d 347, 352, 353.

In an earlier and now withdrawn opinion [1] we held that the evidence failed to establish the reasonableness of the plaintiffs' proposed use and reversed the trial court's judgment. A petition for rehearing was filed stating that there was sufficient evidence to support the trial court's memorandum of decision expressly finding "that the specific use contemplated by the owner is reasonable."

This is an unusual zoning case in that the defendant admits the property is not properly zoned but nevertheless insists that the plaintiffs' proposed use is not reasonable. It is in this posture that the trial court, upon the evidence before it, made its decision.

■■■ The question is whether there was sufficient evidence to support the trial court's determination. The law is clear that the decision of the trial court will not be disturbed unless it is found to be against the manifest weight of the evidence even though a reviewing court might have reached a different conclusion. (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill.2d 352, 356.) It is not enough to show that there is sufficient evidence to support a contrary judgment. The appellant's evidence must be so strong and convincing as to completely overcome the evidence and presumptions, if any, existing in favor of the appellee. *People ex rel.*

---

[1] Justice Charles H. Davis participated in the now withdrawn opinion. Prior to the filing of the Petition for Rehearing, Justice Davis was elected to the Illinois Supreme Court.

*v. Wilmington Coal Co.*, (1949), 402 Ill. 161, 167; *Broncata v. Timber-crest Estates, Inc.* (1968), 110 Ill.App.2d 49, 54—55.

With this in mind we have again reviewed the record before us. Route 53 is a divided four lane, heavily-travelled, highway that abuts the length of the subject premises on the west with traffic signals at the intersection in question; across the street to the south and eastward (some 675 feet to Main Street) the property is all zoned for business. Diagonally across from the premises as well as east of the block in which the premises are located, the property is zoned either commercial, two family residence or multiple family residence; and some 450 feet north of the subject premises is Ogden Avenue which is zoned for commercial and community business.

From these facts, which are not controverted, the trial court could properly determine that the character of the subject property is controlled by the surrounding commercial uses, not by the adjacent residential uses; that Routh 53 formed a natural boundary for future commercial development; that there would be no deleterious effect on the adjacent property; and that, therefore, the use contemplated by the plaintiffs would be reasonable.

██ The defendant's evidence was not so strong and convincing as to completely overcome the evidence existing in favor of the plaintiffs and, consequently the judgment of the trial court was not against the manifest weight of the evidence. The judgment of the trial court is affirmed.

Judgment affirmed.

ABRAHAMSON, J., concurs.

Mr. JUSTICE SEIDENFELD, dissenting:

I agree with the conclusion of the majority that plaintiffs have met their burden of proof as to the invalidity of the existing ordinance restricting the use of the property to single family dwellings. However, in my view, it does not then follow that plaintiffs are entitled to construct a gasoline filling station on the property under the proof in this record.

The majority, of course, agree that a zoning ordinance is presumed valid and that plaintiffs have the burden of proving the ordinance *unreasonable* as applied to their property. However, a different standard is then applied to plaintiffs' proposed use as a service station, *i.e.*, mere proof of *reasonableness*, by a preponderance of the evidence.

In the usual zoning case, the property owner is interested in a specific use and the case is tried and the judge reaches his decision in terms of the reasonableness of excluding that specific use. (*Sinclair Pipe Line v.*

*Richton Park* (1960), 19 Ill.2d 370, 378.) Thus, in the usual case in which a property owner has prevailed on appeal, he has done so by putting evidence into the record showing that the attacked zoning ordinance is unreasonable as applied because it precluded his specific proposed use.

In the unusual case, such as the one before us, in which the defendant-municipality concedes that the attacked zoning ordinance is unreasonable as applied but only insofar as it unreasonably precludes a certain use or uses (multiple family dwellings) and not insofar as it precludes another use or uses (a gasoline station), the property owner's burden of proof should be no different than it is in the ordinary zoning case. He should be required to show that the action of the municipality is unreasonable in precluding his specific proposed use and to overcome the presumption of the validity of the legislative action.

Admittedly, there have been many expressions in the cases that a trial court may, to avoid the result of holding that no zoning regulations are applicable upon having declared an existing zoning ordinance void as applied to a particular parcel, determine whether the land owner's specific proposed use "is reasonable", and therefore permissible. However, in many of these cases, the issue has been whether the trial court exceeded its authority as to the relief granted and not merely the reasonableness of the proposed use. (*Viz., La Salle National Bank v. City of Chicago* (1970), 264 N.E.2d 799; *Harshman v. City of De Kalb* (1965), 64 Ill.App.2d 347; *Exchange Nat. Bank v. City of Waukegan* (1967), 85 Ill.App.2d 461; *Fiore v. City of Highland Park* (1966), 76 Ill.App.2d 62.) In others, the statement of the proposition of law was otherwise *dicta.* (See *Gable v. Village of Hinsdale* (1967), 87 Ill.App.2d 123; *Gedmin v. City of Chicago* (1967), 88 Ill.App.2d 294.) And in those few cases in which said proposition of law was not *dicta* (*Dixon v. County of Kane* (1966), 77 Ill.App.2d 338 and *Mangel & Co. v. Village of Wilmette* (1969), 115 Ill.App.2d 383) the basic authority cited was the *Fiore* case, *supra,* in which the relied upon statement was *dicta.*

Even more importantly, the cases referred to ultimately derive their authority from *Sinclair Pipe Line v. Richton Park,* 19 Ill.2d 370, *supra.* However, the *Sinclair Pipe Line* court merely decided that a trial court could frame its decree so as to grant or deny a specific proposed use; the case did not expressly set forth a test, or standard, as such, to guide a trial court in deciding whether to grant or deny a specific proposed use. If anything, the language of the *Sinclair Pipe Line* decision indicates that a proposed use need not necessarily be granted just because it is shown to be reasonable: "Normally the land owner is interested particularly in a specific use which he proposes, and so it is natural that he will try the

case and the judge will reach his decision in terms of the *reasonableness of excluding* that specific use." (19 Ill.2d 378.) (Emphasis added.) and again at page 380, the court said that, "* * * The only issue that has been raised is the *reasonableness of excluding* certain uses or classes of uses." Emphasis added.

In my view, the evidence shows that the present character of the area in which the subject property lies is residential. The commercial development in the area is either not of recent date, or is sufficiently far removed from the subject property that it is not the major factor in influencing the determination of the propriety of the proposed use of the subject property. Although the subject property lies at the corner of a heavily travelled intersection, this, in itself, would not impart a commercial character to the property. (*Merchants Nat. Bank v. City of Aurora* (1970), 119 Ill.App.2d 179, 184, 185; *Seith v. City of Wheaton* (1967), 89 Ill.App.2d 446, 450.) I would conclude that it is at least fairly debatable that the character of the subject property is controlled by the residential uses of the properties in the same block, and to the west, north and even to the immediate east; and that the future development of the immediate area is directed toward residential use, as indicated by defendant's witnesses, although of a greater density than presently exists. I would also conclude that it is at least fairly debatable that the plaintiffs' proposed use is not compatible with the surrounding uses and zoning classifications and those indicated in the orderly future development of the area.

The relief which may be awarded by courts is determined by the pleadings, the issues there raised and the record before the court. (*Hoda v. Hoda* (1970), 122 Ill.App.2d 283, 288 and *Broberg v. Mann*, 66 Ill.App. 2d 134, 137.) The order of the court must be framed with reference to the pleadings and the proof. The plaintiffs in this case have directed their attack against the existing zoning ordinance solely with reference to the proposed use of the property as a gasoline service station. In my view, the reasonableness of excluding the proposed use was fairly debatable and in that situation the legislative judgment should have been conclusive, and the trial court should have denied the relief sought by the plaintiffs.