Michael Kovac, a Minor, by Ann Kovac, his Mother and Next Friend, Appellant, v. Martin Ducharme, and Rose Ducharme, Appellees.

Gen. No. 46,123.

Opinion filed February 24, 1954.
Released for publication April 22, 1954.

HECTOR BROUILLET, PHILIP G. BIXLER, and ALLEN H.
MEYER, all of Chicago, for appellant; ALLEN H. MEYER,
of Chicago, of counsel.

WILLIAM E. SEIDENSTICKER, of Chicago, for appellees.

MR. JUSTICE LEWE delivered the opinion of the court.

This is an action to recover damages for personal
injuries resulting from a dog bite. On the defendants'
motion made at the close of the evidence introduced
by plaintiff, the court found in favor of defendants.
Plaintiff appeals.

Plaintiff's claim is based on common law and statutory liability. The pertinent provision of the statute,
chapter 8, section 12d, Illinois Revised Statutes 1951
[Jones Ill. Stats. Ann. 5.165], State Bar Association
Edition, reads: "If a dog, without provocation, attacks
or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner
of the dog is liable in damages to the person so attacked
or injured to the full amount of the injury sustained."

There was evidence that: On April 8, 1952, Michael
Kovac, about seven and a half years of age, while playing with two other children was bitten on the right arm
by defendants' dog. At the time of the occurrence
Michael was striking a low wooden fence with a small
branch of a tree about one foot long. This fence was
located in front of the house where one of Michael's
playmates lived and a considerable distance from the

home of the defendants. When Michael was bitten he did not see the dog nor know of his presence. In the latter part of March 1952 Marylin Szymczak was bitten by defendants' dog. Several days before the occurrence here in question Estelle Szymczak, Marylin's mother, was also bitten and complained to the defendants. Shortly after Marylin Szymczak was attacked by defendants' dog she visited defendant Rose Ducharme at her home, accompanied by her father, and showed defendant where Marylin had been bitten.

Defendant Rose Ducharme, called by plaintiff as an adverse witness, admitted that Estelle Szymczak had complained to her about the defendants' dog about a week prior to April 8, 1952, and that on the same day Michael Kovac was bitten she saw his bleeding right arm. Defendants also admitted ownership of the dog and that they had paid the physician who gave medical treatment to Michael for the dog bite.

▮▮ The record shows that when plaintiff rested defendants' counsel stated, "At this time, your Honor, I am asking for a finding for defendant." Plaintiff contends that defendants' motion for a finding raised only questions of law. Defendants say that their request "shows unmistakably a desire" that the trial court weigh the evidence and make a finding of the facts. A motion to find for the defendant in a trial before the court without a jury concerns solely the sufficiency of the evidence to sustain a finding against the defendant, and therefore raises only a question of law. (*Anderson v. Board of Education,* 390 Ill. 412.) The record is not clear that defendants by their motion intended the trial court to weigh the evidence. In any event we think the evidence in the instant case tends to prove all of the essential elements in both charges of the amended statement of claim. And since plaintiff's uncontroverted evidence clearly establishes a prima facie case,

the trial court erred in its finding. The judgment is therefore reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded for a new trial.*

FEINBERG, P. J. and KILEY, J., concur.