(No. 36183)

RUDOLPH J. VEDOVELL, Appellee, *vs.* THE CITY OF NORTH-
LAKE, Appellant.

*Opinion filed September 22, 1961.*

George J. Ditchie, of Melrose Park, for appellant.

John M. Treveiler, and Askow, Stevens and Hardy, both of Chicago, (Richard James Stevens, Howell B. Hardy, and Irwin J. Askow, of counsel,) for appellee.

Mr. Justice Hershey delivered the opinion of the court:

The circuit court of Cook County by its order in a declaratory judgment proceeding declared void the zoning ordinance of the city of Northlake in so far as it classified property of the plaintiff as "specialty shop district" wherein gasoline filling stations were prohibited.

The defendant city of Northlake has appealed and the trial court has certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal to this court.

Plaintiff purchased the subject property in July of 1957. The property consists of five unimproved lots located on the southeast corner of Elm Street and North Avenue in the city of Northlake. The lots have a frontage of 133 feet on North Avenue and 125 feet on Elm Street. Prior to May of 1956 the area, including plaintiff's lots, was zoned commercial, under which classification automotive filling stations were a permitted use. In May of 1956 the zoning ordinance

of the defendant city of Northlake was amended and the plaintiff's property was placed in the specialty shop classification. The uses permitted with this classification are mostly retail stores, service businesses, and indeed a large variety of commercial businesses but not including filling stations. The classification relates to neighborhood retail stores and service shops.

The city of Northlake is a rapidly growing area west of Chicago. It has a population of some 11,500 and a land area of about 2.8 square miles. The city limits run approximately one-half mile on each side of the subject property.

The questioned zoning ordinance designates less than 2½% of the total land area as commercial and somewhere around 5% of the land area is zoned for specialty shop use. Some 25% of the remaining land area, as yet unimproved, is available for home sites.

North Avenue is a four-lane highway divided by a median strip. This is a heavily traveled main highway currently undergoing substantial reconstruction and even further widening. At the present time, there are five automobile filling stations in a one-mile area running from the plaintiff's property. These stations are nonconforming uses. A large industrial plant is located within one-fourth mile of the property and within a half-mile radius of the property there is to be found an almost infinite variety of uses—residential, commercial, industrial and specialty shop.

The parties each produced three witnesses. The witnesses for the plaintiff testified that the highest and best use of the property was a gasoline filling station and that if such use were permitted the land had a value up to $53,200. Used as zoned the value was stated to be some $26,000. One witness stated it to be his opinion that there was an excess of land available for neighborhood-type specialty shops in the defendant city of Northlake.

The defendant's witnesses, a professional city planner and two real-estate brokers, testified that the highest and

best use for the property was neighborhood retail use or office. The essentially residential character of the area to the north and south of the subject property would, in the opinion of the defendant's witnesses, be best served by uses within the specialty-shop classification. Two of the witnesses valued the premises at $30,000 for use within that classification.

These witnesses further stated their opinion to be that there were adequate automobile filling stations serving the area and that the characteristics of the defendant city did not show a need for further such facilities.

We have often stated the principles applicable to zoning cases. Zoning classifications must be upheld if it is shown that the legislation bears substantial relation to the public health, safety, comfort and morals. *La Salle National Bank* v. *City of Chicago,* 4 Ill.2d 253; *Bolger* v. *Village of Mount Prospect,* 10 Ill.2d 596.

In the last-cited case we held that the fixing of boundary lines, unless shown to be arbitrary or capricious, was a matter for legislative judgment which courts will respect. The fact that zoning restrictions may cause property to be less valuable than if any use were permitted is not of itself ground for invalidating the zoning classification.

The property here involved would have more value as an automobile filling station, the use sought by the plaintiff. However, the plaintiff purchased the property with a pre-existing restriction on such use. While a purchaser of property is not precluded from challenging a zoning restriction existing at the time of his purchase, the fact of such restriction must necessarily be a factor to be considered in the proceeding. (*Harmon* v. *City of People,* 373 Ill. 594; *People ex rel. Alco Deree Co.* v. *City of Chicago,* 2 Ill.2d 350.) Indeed, other adjacent property owners who may have purchased their property relying on the zoning restrictions are entitled to protection in such reliance unless the change can be shown to be required by or not injurious to the public

good. *Wesemann* v. *Village of La Grange Park,* 407 Ill. 81.

In this case, as in *Bolger* v. *Village of Mount Prospect,* 10 Ill.2d 596, the evidence discloses a legitimate difference of opinion concerning the reasonableness of the challenged zoning classification. In such circumstances the legislative judgment should be respected. The question for this court is not whether the zoning ordinance is unwise but whether it has a reasonable relationship to the public health, safety or general welfare. *City of Aurora* v. *Burns,* 319 Ill. 84.

In addition to the alleged unreasonableness of the zoning classification, the plaintiff challenged the ordinance as incomplete and invalid for failure to have appended thereto a city zoning map.

At the time the ordinance here under attack was enacted there was no statutory requirement for a zoning map. We have held, however, that a zoning ordinance that refers to a zoning map may be void or meaningless without the referred-to map being appended thereto. Such holdings do not represent a judicial requirement for zoning maps but rather represent a requirement that a zoning ordinance or any other ordinance be complete and definite. An ordinance that refers to a map and requires reference thereto in order to ascertain boundaries and restrictions is obviously incomplete and meaningless without the referred-to map. (*County of Winnebago* v. *Niman,* 397 Ill. 37.) In this case, however, the ordinance was complete without reference to any zoning map. Certainly, in so far as the plaintiff's property was concerned, no ambiguity was shown to exist and no injury or prejudice was suffered by the plaintiff by reason of the absence of a zoning map. Under such circumstances the absence of a map is not itself fatal to the ordinance. (*Speroni* v. *Board of Appeals,* 368 Ill. 568.) For the reasons stated, the judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*