(No. 37117.—

CITIES SERVICE OIL COMPANY, Appellant, *vs.* THE COUNTY OF LAKE, Appellee.

*Opinion filed November 30, 1962.*

RUNYARD, BEHANNA, CONZELMAN & LEWIS, of Waukegan, (MURRAY R. CONZELMAN, of counsel,) for appellant.

BRUNO W. STANCZAK, State's Attorney, of Waukegan, (STANLEY GROSSHANDLER, of Highland Park and Waukegan, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This is a direct appeal by the plaintiff from a judgment of the circuit court of Lake County finding the county zoning ordinance valid and dismissing for want of equity the complaint filed in a declaratory judgment action by the Cities Service Oil Company, plaintiff, against the defendant, County of Lake, the legislative zoning body. The trial judge has certified that the validity of a county zoning ordinance is involved and that the public interest requires a direct appeal to this court, (Ill. Rev. Stat. 1961, chap. 110, par. 75(1)(c),) and, accordingly, this court has jurisdiction. No questions are raised concerning the pleadings, nor as to the exhaustion of plaintiff's administrative remedies.

The zoning ordinance of Lake County classifies the property in question as part of an "F" farming district. Prior to its purchase of the property, plaintiff had joined the owners thereof in seeking to secure a "B—1" classification for the property in question to permit the construction of a filling station and shopping center, and in furtherance of that objective petitions were presented to the board of zoning appeals of Lake County in 1958 and 1959 which unanimously recommended their allowance. These recommendations were rejected by the board of supervisors of

Lake County. Plaintiff purchased the property in 1959 about one month after rejection of the second attempt to change the zoning classification. On January 30, 1961, the plaintiff filed this declaratory judgment action praying for a declaration invalidating that portion of the Lake County zoning ordinance establishing an "F" farming district and classifying the plaintiff's property in the "F" district.

Plaintiff here contends that the ordinance in question, insofar as it establishes an "F" farming district and classifies the plaintiff's property within that district, is unreasonable and unconstitutional because not related to the public health, safety or welfare; that the county has no authority to regulate agricultural lands, that the zoning ordinance is invalid in prohibiting the construction of a local retail shopping center on the subject property, and that the trial court considered improper factors and erred in finding the ordinance valid.

The factual situation is as follows: the property is located in the northwest quadrant of the county in "the lake country," and consists of a roughly rectangular tract of farm land containing 6.833 acres at the southeast corner of the intersection of Monaville Road on the north and State Route 59 on the west. Monaville Road, running along the north line of the property, is the dividing line between Lake Villa Township on the north and Grant Township on the south. The other corners of this intersection are all in an "R-4" single-family residential district. To the east of the subject property is generally open farm land, the nearest house to the eastward being approximately 1000 feet away. To the northward is intensively developed single-family residential land, known as Fox Lake Hills, a small lot subdivision, consisting of lots of 9000 square feet, presently substandard in size by comparison with the current zoning ordinance. Three-tenths of a mile north of the subject property is a convalescent home, one-half mile north is a tavern, gas station and commercial riding stable,

and eight-tenths of a mile north is a public school and church on property zoned for business and tavern purposes. To the south of the subject property is generally farm land and some residence properties surrounded by farm land on the east side of Route 59; to the south and on the west side of Route 59, in an "R-4" area, are several individual homes of relatively higher value than those located in the Fox Lake Hills Subdivision. Also on the west side of Route 59 and farther south is a public school and church, and south of these is a gas station and small retail store located approximately eight-tenths of a mile south of the subject property. To the west of the tract in question is residential zoning, with the village of Fox Lake located approximately four miles distant. There is also a shopping center located about six miles northeast of the subject property, and an 8-acre tract one mile north of the property in question, which is zoned for business, 20% of said 8 acres presently being used for that purpose.

A fair characterization of the surrounding property would indicate that the territory to the north and west of the subject property is rather well developed single-family residential property. The area to the east and, to a lesser extent, the area to the south, is used for farming purposes with single-family residences and some business uses scattered along Route 59 to the south of the subject property.

A number of witnesses testified for both parties to this proceeding. Plaintiff's witnesses generally testified that the highest and best and most appropriate use of plaintiff's property was for business purposes. Defendant's real-estate expert and other witnesses testified that it would be preferable to have the property used for residence purposes, but that it might well be zoned for smaller residential lots, defendant's planner testifying that the property could readily be divided in to half-acre residential lots, and other individual property owners stated that the subject property could be developed on quarter-acre lots with no adverse

affect to the surrounding property. However, it should be noted that plaintiff has not requested an amendment to smaller residential lots similar to other nearby areas.

We come now to a consideration of the specific allegations of error in the trial court, one of which is that the county has no authority to regulate agricultural lands. The County Zoning Act, (Ill. Rev. Stat. 1961, chap. 34, par. 3151,) provides "The powers by this Act given shall not be exercised * * * so as to impose regulations or require permits with respect to land used or to be used for agricultural purposes, * * *." It is argued that the "F" classification in the Lake County zoning ordinance is therefore invalid in its entirety since it represents an attempt to regulate and control agricultural lands which are specifically exempted from the powers conferred upon the corporate authorities of the counties. We find no evidence in this record that the county of Lake has attempted by the ordinance in question to impose regulations or require permits for the use of the land in question for agricultural purposes. It is readily apparent that the restrictions and permit requirements are applicable only when the use is for purposes other than agricultural.

Plaintiff's other allegations of error are embraced in the contentions that the classification of plaintiff's land is so unreasonable and unrelated to the public health, safety and welfare as to constitute a confiscation of plaintiff's property, and that the introduction of testimony by other business proprietors that construction of the proposed shopping center would impair their businesses was improper. While several witnesses testified that the construction of a shopping center would have some effect upon their businesses, there is nothing in the record to indicate that the control of competition was a substantial consideration in this controversy; rather, the testimony seems intended to establish the lack of need for the zoning change requested by plaintiff.

The principles governing zoning decisions are too well known to require extensive citation. That the ordinance is presumed to be valid, and that the burden is upon those seeking to assert its unconstitutional aspect to establish the same by clear and convincing evidence is well settled. We have also repeatedly held that where the record presents evidence indicating a fairly debatable question as to the classification made or the action taken, the question must be resolved in favor of the determination of the zoning agency in the absence of a clear abuse of such power. *First Nat. Bank of Lake Forest* v. *County of Lake,* 7 Ill.2d 213; *Elmhurst Nat. Bank* v. *City of Chicago,* 22 Ill.2d 396; *County of Cook* v. *Glasstex Co.* 16 Ill.2d 72.

There is no dispute as to the fact that the value of the plaintiff's land for business purposes is substantially in excess of the value of the land for any other purpose, but any financial disadvantage that may result to the plaintiff from a denial of his petition is a self-created one. The plaintiff purchased this property with full knowledge of the zoning restrictions applicable thereto, and the purchase was made only after the plaintiff had joined in two unsuccessful attempts to have the present zoning classification altered. In any event, the financial loss to plaintiff, which is present in almost every zoning case, is simply one factor of many to be considered by the court in determining the reasonableness or unreasonableness of the ordinance as applied in the case before it. *Bolger* v. *Village of Mount Prospect,* 10 Ill.2d 596.

There is in this record extensive testimony and numerous exhibits dealing with the time, effort and expense incurred by the county of Lake in developing zoning and land-use plans for this county. We see no useful purpose to be served by detailing this evidence. Its applicability to the area immediately adjacent to the tract in question may be summarized as follows: there is provision for business development within the area to the north and

south of the subject property, and the area so zoned in both locations is only partially used, there appearing to be ample room for such expansion as may be necessary to meet the needs of the community. As heretofore pointed out, the area immediately north and west of this property is well developed as a single-family residence district. The area to the south is less highly developed, but there are single-family residences on sizeable lots to the south of the property in question. To the east the property is largely farming area with a few single-family residences. The usual difference of opinion in the testimony on the part of the experts testifying for the plaintiff and the defendant exists with reference to the ultimate effect of permitting the use sought by the plaintiff: the plaintiff's witnesses testified that there would be no substantial depreciation in the surrounding property values, and there could even be some enhancement thereof as a result of permitting business use upon the plaintiff's property. The defendant's experts testified that the highest and best use of the plaintiff's property is residential and that there would be substantial depreciation in the adjoining property values if business uses were to be permitted. The same is true as to the other elements to be considered, such as whether additional traffic hazards would be created, traffic would be increasingly congested, a precedent for further commercial development would be set, the integrity of zoning would be undermined to the point where persons would be unable to rely upon zoning ordinances in the county, the hazard of fire and explosion would be enhanced, a commercial atmosphere would be created in the quiet and peaceful area, as to whether the commercial lighting and noise would be objectionable, obnoxious fumes would be created and further residential development discouraged. While testimony is in the record to the effect that development of this area in smaller lot sizes would be desirable and practical, there is undisputed testimony to the effect

that some development on 40,000 square foot lots has already occurred in the immediately adjacent surroundings.

Suffice it to say that we cannot conclude that the testimony here shows such arbitrary or capricious action on the part of the zoning bodies as to indicate an unreasonable and unconstitutional classification of plaintiff's property. The legislative body charged with responsibility for granting or denying zoning changes has considered this problem and denied on two separate occasions the petition for change. This action, in turn, has been sustained by the trial judge who saw and heard the witnesses. There is nothing in the record which would compel us to substitute our judgment for that of the legislative body whose action has been sustained by the trial court.

The judgment of the circuit court of Lake County is therefore hereby affirmed.

*Judgment affirmed.*