Bertha Malman, et al., Plaintiffs-Appellees, v. Village of Lincolnwood, a Municipal Corporation, Defendant-Appellant, Michael Bespalko and Harold Weinstein, Intervenors.

Gen. No. 53,064.

First District.

August 1, 1969.

Ancel, Stonesifer & Glink, of Chicago (Louis Ancel, Marvin J. Glink and Howard J. Siegel, of counsel), for appellant.

Maurice J. Nathanson, of Chicago (Paul Peter Black, of counsel), for appellees.

MR. JUSTICE SMITH delivered the opinion of this court.

Plaintiffs filed their action for declaratory judgment seeking to invalidate the R–3 single-family zoning of ten lots located on Touhy Avenue between Tripp and Kildare Avenues in the Village of Lincolnwood. Plaintiffs sought to use the property for a commercial use. Defendant answered the complaint, evidence on behalf of the plaintiffs was heard, and at the close of this evidence the court granted the defendant and an adjoining property owner intervenor's motion to direct a verdict in their favor. This action of the trial court was reversed on the prior appeal, Malman v. Village of Lincolnwood, 61 Ill App2d 55, 208 NE2d 884, and the cause was remanded to the trial court "with directions to proceed as though the motion (for directed verdict) had been denied by the trial court or waived." On remand, additional evidence was heard on behalf of the defendant and the trial court then entered its judgment for the

plaintiffs declaring that R–3 single-family zoning was arbitrary, unreasonable and confiscatory. From this judgment, the defendant appeals.

■ The plaintiffs lay great emphasis on the former opinion in this case. That opinion is determinative of none of the issues now present in this case. All that opinion did was to hold that the trial court in the first case erred in directing a verdict for the defendant. On re-instatement in the trial court, the cause then stood as if the motion for a directed verdict had been denied by the trial court. The plaintiffs' argument that the previous appeal decided that the evidence of the plaintiffs in this case sustained their burden in dissipating the validity of, or any presumption of validity attached to, the zoning ordinance under attack is not well-founded. In fact, it is a semantical eclipse of the effect of the Appellate Court's first holding in this case. It clearly and unequivocally stated that the evidence of the plaintiffs "in the absence of contrary proof" was prima facie sufficient to overcome the presumption of validity. In that state of the record it was prima facie sufficient and was obviously error for the trial court to direct a verdict in favor of the defendant. However, as pointed out in that decision, the fact that the trial court allowed the motion for directed verdict is not a final adjudication of any issues of fact. Anderson v. Board of Education, 390 Ill 412, 61 NE2d 562; Kovac v. Ducharme, 2 Ill App2d 80, 118 NE2d 629.

■ Accordingly, we turn now to the factual situation as now shown by the record in the face of the established rule that the zoning classification and the ordinance establishing it are presumably valid. Gans v. City of Chicago, 102 Ill App2d 456, 243 NE2d 400.

The lots in question were originally zoned for single-family purposes in 1927, and this classification was retained in a comprehensive new ordinance of 1962. The

village planner recommended that they be classified as commercial prior to the final public hearings and adoption of the 1962 ordinance. He, however, appeared in this case and defended the classification of the village for residential purposes. The plaintiffs suggest that this makes his testimony of very little value. The fact remains that he may very well have changed his mind after listening to the public hearings. Having done so, the plaintiffs now charge him with a bizarre opinion based solely upon a town meeting plebiscite of the people in the area. We do not think that the testimony of this witness is subject to this characterization anymore than would be the testimony after public hearings in any case where zoning is either retained or altered. Particularly is this true where the classification which the village planner now adopts has obtained in the village for some 38 years and was reviewed as late as 1962, without any appreciable change in the attitude of the village fathers and without any appreciable change in the general characteristics of the neighborhood.

Property on the south side of Touhy across from the lots here involved is zoned commercial and also property to the west of a street along the west side of these lots is zoned commercial. On the north side of Touhy Avenue and a block west are vacant lots zoned commercial and undeveloped. The testimony is in direct conflict on the suitability of lots here involved for a given purpose. The plaintiffs' testimony indicates that they are best adapted for commercial use. The defendant's testimony is that they are best adapted for residential purposes. The plaintiffs' witnesses said that these lots took their characteristics from the usage to the west and to the south. The defendant's witnesses said the lots took their characteristics from the usage to the northeast, east and southeast, and this was residential. There is, therefore, a clear-cut difference of opinion as to which

use should determine the proper classification here. Significantly enough, the trial court in the first case did not think that the plaintiffs' evidence warranted much consideration in overcoming the presumption of the validity of the classification and in fact, directed the verdict in favor of the defendant. The Appellate Court said that this was error and remanded it for additional testimony and after it was taken, the present trial judge concluded that the new testimony did nothing to destroy the prima facie case of plaintiffs, that the presumption of validity was overcome, and the evidence of the plaintiffs was clear and convincing. We cannot agree with this conclusion.

 The plaintiffs purchased this property well knowing that it had a residential classification. This fact does not preclude their challenge of the restriction, but that fact must necessarily be considered in the proceedings. Standard State Bank v. Village of Oak Lawn, 29 Ill2d 465, 194 NE2d 201; Vedovell v. City of Northlake, 22 Ill2d 611, 177 NE2d 124; Kuiken v. County of Cook, 23 Ill2d 388, 178 NE2d 338; Elmhurst Nat. Bank v. City of Chicago, 22 Ill2d 396, 176 NE2d 771. The many variable factors involved in a zoning ordinance case make it more than uncommonly difficult to find a case factually squarely in point. Each case must rest upon its own factual bottom. It is fundamental that a presumption of validity surround a zoning ordinance and that before a court may intervene, it must be established by clear and convincing evidence that the ordinance as applied to the plaintiffs is arbitrary and unreasonable and has no substantial relation to the public health, safety and welfare. La Salle Nat. Bank of Chicago v. County of Cook, 12 Ill2d 40, 145 NE2d 65; Vedovell v. City of Northlake, 22 Ill2d 611, 177 NE2d 124; Standard State Bank v. Village of Oak Lawn, 29 Ill2d 465, 194 NE2d 201; Reskin v. City of Northlake, 55 Ill App2d 184, 204 NE2d

600. A careful review of the record in this case and the evidence make apropos the following language of the Supreme Court at page 471 of the Illinois Reports in Standard State Bank v. Village of Oak Lawn, 29 Ill2d 465, 194 NE2d 201, 204:

> "Plaintiff urges that the findings of the trial court cannot be disturbed unless contrary to the manifest weight of the evidence. We agree that this is the rule. It is, however, clear to us that the evidence, when viewed most favorably to plaintiff, falls far short of overcoming the presumptive validity of the ordinance. At best, it accommodates a legitimate difference of opinion as to the reasonableness of the ordinance, and, under such circumstances, the legislative judgment must prevail."

There is nothing in this record which suggests that the judiciary should intervene and substitute its judgment for that of the legislative body to whom the determination of the basic questions here involved is committed. Accordingly, the judgment of the trial court must be and is hereby reversed.

Reversed.

TRAPP, P. J. and CRAVEN, J., concur.