BRENT GLASSEY et al., Plaintiffs-Appellees, v. THE COUNTY OF TAZEWELL, Defendant-Appellant.

(No. 72-328; )

Third District—May 31, 1973.

Richard Hayes, of Pekin, for appellant.

Robert V. Clevenger, of Pekin, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This was an action for declaratory judgment requesting that defendant Tazewell County's zoning ordinance be declared unconstitutional in its application to plaintiff's property and requiring the issuance of necessary permits and licenses for the development and operation of a proposed mobile home park and attendant facilities. The Circuit Court of Tazewell County entered judgment in favor of plaintiffs and the defendant County has taken this appeal.

The plaintiffs, Brent Glassey and Bruno Gianessi entered into an option agreement for the purchase of 150 acres of land located about 2.7 miles south of Pekin in Tazewell County, beyond the boundaries of any municipality so that the County Zoning Ordinance governs its use. Under that ordinance the land was zoned agricultural. The surrounding area is agricultural and is sparsely populated with very few family dwellings. For many years a part of the land was the site of the old Pekin Airport. An elementary school is located about a quarter mile northeast of the north east corner of the property.

In 1969 the plaintiff applied for a special use permit for a mobile home park for an area of about 54.3 acres. A companion application for an adjoining 5.6 acres was to construct and operate a sewage treatment plant in conjunction with the mobile home park. Both areas are a part of the 150 acres. The Zoning Board of Appeals, after conducting a hearing referred the matter to the Zoning and Planning Committee of the County Board. A hearing was held by that Committee and both applications were recommended for approval for the issuance of a special use

permit. That Committee made a finding that there is a definite need for additional mobile home living space in the County. The entire Board of Supervisors then, without a hearing, voted to deny the permits. Plaintiffs thereafter commenced the instant action.

At the hearing before the circuit court the above facts were developed in addition to other evidence. An expert appraiser testified that as currently zoned the property was at the least value it could be. The highest and best use would be some type of residential development including a mobile home park. The mobile home park would not adversely affect the value of surrounding property and would possibly enhance their value. This evidence was not rebutted.

The plans for the sewage treatment plant call for a modified activated sludge plant that would provide secondary treatment by a mechanical aerated system. The plans had met with approval of the State Sanitary Water Board but will now have to be finally approved by the Environmental Protection Agency.

The Tri-County Planning Commission, the official planning commission for Tazewell County recommend approval.

Further evidence showed a great need of trailer home space in the Pekin area.

The issue on appeal is whether the defendant's ordinance was unconstitutional as applied to plaintiffs' property or as was stated in *Sinclair Pipe Line v. Richton Park*, 19 Ill.2d 370, 377, "[T]he ultimate legal determination that must be made in every case is whether the existing restrictions on the use of the land in question are arbitrary and unreasonable".

■■ In "determining whether the operation of any particular zoning ordinance or a provision thereof exceeds the police power or otherwise stated bears no substantial relation to the public health, safety, morals, and general welfare, there are a number of factors which must be applied to the facts in each particular case, all factors are important and no one factor is controlling. (*La Salle Nat. Bank v. County of Cook*, 12 Ill.2d 40.)" And while there is a presumption as to the validity of a zoning ordinance, that presumption is overcome when it is shown there is no substantial relation to the general welfare. *Schmitt v. Village of Skokie*, 6 Ill.App.3d 177, 287 N.E.2d 202.

■■ We shall discuss the evidence as it relates to the factors suggested in the *La Salle Nat. Bank* case and two additional items that are of importance in this case.

(1) *The existing uses and zoning of nearby property:*

The property is zoned agricultural as is the surrounding area. It is 2.7 miles south of Pekin and 1.3 miles north of the Village of South Pekin.

On the north of the property is a railroad track and Lost Creek, to the east of the property is a rural road called Fifth Street and a railroad and on the south a gravel road. A considerable distance north of Lost Creek is a residence. Southeast there are two homes and there is one home directly south of the property. There will be shrubbery screening the area from neighboring lands and a proposed seventy-five foot parkway all the way around the proposed development where it might affect other land. The property is currently rented to a parachute club for $2400 a year. It would be difficult to find property that would interfere less with surrounding property uses.

(2) *The extent to which property values are diminished by the particular zoning restriction:*

Unrebutted testimony was that present value of the 60 acres under consideration was $30,000, that for mobile home use the value would be $45,000 with development costs of $537,000 for a total of $582,000. On the income approach the expert estimated the net annual income at $63,-360 after full development. The highest and best use would include a mobile home park. The park would not adversely affect the value of surrounding property and might enhance their value.

(3) *The extent to which the destruction of property values of plaintiff promotes the health, safety, morals or general welfare of the public:*

Without factual basis there were fears expressed about schools, ability of fire equipment to negotiate the roads, possible odor from a lagoon and taxation. There was direct evidence that the proposed use would have no detrimental effect on the surrounding uses. All roads are to be 30 feet wide with provision for off-road parking at each site. There was expert testimony by the Director of Environmental Health for the Tazewell County Health Department, a registered sanitarian and also by an engineer that there would be no odor from the sewage treatment plant if properly operated according to state regulations. The fears that the development might cause an increase in local government costs are not a justifiable basis for denying a proper use. *First Nat. Bank of Skokie v. Village of Skokie,* 85 Ill.App.2d 326; *Lakeland Bluff, Inc. v. County of Will,* 114 Ill.App.2d 267.

Whether the additional impact upon school population is a factor to be considered was also discussed in the *Skokie* case where on page 339 the court said, "* * * while the school situation might be a factor to be considered in this kind of case, it cannot be conclusive. We agree, and note that additional burdens on responsible governmental bodies may not properly justify otherwise unreasonable, arbitrary, and discriminatory restrictions on the use of private property".

(4) *The relative gain to the public as compared to the hardship imposed upon the individual property owner:*

The hardship to the plaintiffs is apparent. The property is worth about $500 per acre as now used and might be worth $9700 per acre when developed as a mobile home park. There was little or no showing of any gain to the public.

(5) *The suitability of the subject property for the zoned purposes:*

The law does not require that the subject property be totally unsuitable for the purpose originally classified but it is sufficient that a substantial decrease in value results from a classification bearing no substantial relation to the public welfare. (*La Salle Nat. Bank v. County of Cook*, 12 Ill. 40, 48.) The fact that the entire 150 acres which include the subject property is bringing in as gross rental income only $2400 per year ($16 per acre) would indicate that it is not highly suitable for agricultural purposes whereas evidence shows the property to be highly suitable for a mobile home park.

(6) *The length of time the property has been vacant as zoned considered in the context of land development in the area in the vicinity of the subject property.*

The property for many years was the old Pekin Airport and is now leased to a parachute club. This factor is one particularly applied to residential lots. *cf Krom v. City of Elmhurst*, 8 Ill.2d 104, 111-113; *Chicago Title and Trust Co. v. Village of Franklin Park* 4 Ill.2d 304; *Petropoulus v. City of Chicago*, 5 Ill.2d 270, 274.

(7) *Compatability with the overall zoning plan* (orderly land development):

The Tri-County Planning Commission is the official planning agency for Tazewell County. In each case requesting a special use, this agency is required to make a report of its findings and recommendations. It recommends approval of the special use in the instant case.

(8) *Community need for the proposed use:*

The Director of Environmental Health for the county testified that he had made a current study. There were no vacancies in the Pekin area. Other witnesses testified that there was a need. The Zoning and Planning Committee of the County Board made an express finding that there is a definite need for trailer space.

We are satisfied that the trial court was justified in its conclusions which were not against the manifest weight of the evidence. The judgment of the Circuit Court of Tazewell County will therefore be affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.