CHICAGO TITLE & TRUST COMPANY, Trustee, *et al.*, Plaintiffs-Appellees, *v.* THE COUNTY OF DU PAGE, Defendant-Appellant.

(No. 73-303; ▮▮▮▮▮▮▮▮▮)

Second District—October 10, 1975.

EBERSPACHER, J., specially concurring.

John J. Bowman, State's Attorney, of Wheaton (Frank Petru, Assistant State's Attorney, of counsel), for appellant.

John Demling, of Glen Ellyn, for appellees.

Mr. JUSTICE ROBERTS delivered the opinion of the court:

This is an appeal from a judgment entered in the Circuit Court of the Eighteenth Judicial Circuit, Du Page County, declaring a zoning ordinance of Du Page County void and unconstitutional as applied to the plaintiffs' property and enjoining the defendant from enforcement of its ordinance.

The property involved consists of a tract with an approximate 264-foot frontage on the north side of 63rd Street, having a depth of approximately 135 feet lying between Belmont Road and Puffer Street immediately north of the corporate limits of Downers Grove. It is bounded on the north by a 20-foot alley and is vacant. The evidence discloses that 63rd Street, the boundary line between the village of Downers Grove and the unincorporated county area, is a major street and is heavily traveled, with approximately a daily movement of 10,000 vehicles. The area north of

63rd Street is 65% residential for approximately a mile east, west and north and is developed with single-family dwellings. Belmont Road and Puffer Street are used for the movement of residential traffic.

The area lying south of 63rd Street across from the subject property, in the village of Downers Grove, is to be improved with a gasoline service station on the southeast corner of 63rd and Belmont and a bank on the southwest corner. Belmont Avenue is to be extended south across 63rd Street for ingress and egress to a planned Meadow Brook shopping center. South of this area there is the Prentiss Creek and Prentiss Brook area in which over 700 apartments have been constructed. Traffic lights are to be installed at the intersection of Belmont and 63rd Street; at present there is only a stop sign on Belmont. Belmont Road is the only north-south street, going north from 63rd Street between Main Street and Hobson Road. Belmont running north has exhibited commercial activities at every major street that it crosses. There is presently extensive and comprehensive commercial activity immediately across the street from the subject property. The south side of 63rd Street, west of the subject property, is not heavily commercial, but is developing commercially immediately south of the subject property and east of the proposed intersection of Belmont Road and 63rd Street. There is a proposed diamond-shaped interchange of F.A.I. 61 which will cross 63rd Street 500 feet east of Hobson Road.

The plaintiffs' evidence as to value showed the property to be worth eight to ten thousand dollars as now zoned and $150,000 for the proposed development. Defendant's witness testified to a value of $16,000 as now zoned and $75,000 if re-zoned for commercial use.

The defendant, County of Du Page, maintains that the trial court failed to give proper consideration to 63rd Street as a buffer and boundary separating the subject property from the commercial uses to the south; that the plaintiffs' proposed use of the property would destroy the integrity of the residential area on the north side of 63rd Street; and that plaintiffs failed to show by clear and convincing evidence that the zoning restrictions on the property are clearly unreasonable, thus failing to overcome the presumption of the validity of defendant's zoning ordinance.

■■ The chief witness for plaintiffs testified to sufficient facts to justify the decree. While there was considerable dispute as to some of the facts and as to their effect, since the trial judge saw and heard the witnesses, he was in the best position to determine which witnesses to believe. Also, the chief witness for the defendant stated that 63rd Street made a good buffer, but that property on Puffer and Belmont Streets would be considerably depreciated by commercial property across the street. He

did not satisfactorily explain how a heavily traveled street like 63rd Street makes a good buffer and lightly traveled streets do not.

Taking the evidence as a whole, it appears that vacant property on a heavily traveled street across from a shopping center cannot reasonably be used for single-family residences at a time when the street is changing to become more heavily traveled.

■■ The decree in this case required construction in accordance with a particular plan. Since the validity of this requirement was not raised on appeal, we will not pass on the matter. However, our affirmance of the decree does not indicate our approval of this procedure.

Judgment of the Circuit Court of Du Page County affirmed.

CREBS, J., concurs.

Mr. JUSTICE EBERSPACHER, specially concurring:

I concur in the result reached by the majority; however, not for the reasons stated.

A presumption exists in favor of the validity of a zoning ordinance, and where there is room for a legitimate difference of opinion as to whether the ordinance bears a reasonable relationship to the health, safety, and welfare of the general public, or that fact is fairly debatable, the courts should not interfere with the legislative judgment. (E.g., La Salle National Bank v. City of Evanston, 57 Ill.2d 415, 312 N.E.2d 625.) The burden of proving the zoning ordinance lacks such a relationship is upon the party asserting its invalidity. (E.g., Glassey v. County of Tazewell, 11 Ill.App.3d 1087, 297 N.E.2d 235.) Thus, the plaintiff in the instant case had to affirmatively show, by clear and convincing evidence, that the zoning ordinance, as it applied to plaintiffs' property, was unreasonable and arbitrary. (E.g., Gulf Oil Corporation v. County of Du Page, 24 Ill.App.3d 954, 322 N.E.2d 205.) Our decision must rest upon the strength of the plaintiffs' case, not upon the weaknesses of the defendant's defense of the zoning ordinance.

Our examination of the record reveals that, without objection, plaintiffs' witnesses were afforded the opportunity to testify in a speculative manner as contrasted with their opinions as experts. For example, the plaintiffs' first witness testified, "A bank, it is quite likely, will appear on the southwest corner." (Emphasis added.) Another example was testimony concerning proposed F.A.I. Route 61. The record is devoid of any indication whether such route has been officially accepted, approved, or funded. We also note the failure of the plaintiffs to present any building permits or other documents which would establish that the proposed commercial

development south of 63rd Street had been authorized by either Downers Grove or the Du Page County Zoning Board. Notwithstanding these deficiencies in plaintiffs' evidence, which were not exploited by counsel for the defendant, the plaintiffs did make several affirmative showings which were supported by evidence with probative value.

The plaintiffs affirmatively demonstrated that it would not be economically feasible to develop their property as single-family residences, the only use that is permitted under its present zoning classification. The plaintiffs also demonstrated that the economic loss caused by the inability to develop their property commercially would be substantial. And, the plaintiffs further showed that the changing trend of the neighorhood towards commercial development, with the increased vehicular traffic incidental to such development, had already diminished the value of the neighborhood for single-family residences and that any further diminution caused by the commercial development of plaintiffs' property would be minimal *if* the construction was completed in accordance with the site plans submitted to the trial court.

On the basis of this proof I would conclude that the plaintiffs have proven, by clear and convincing evidence, that the Du Page County ordinance is arbitrary and capricious insofar as it prohibits the commercial development of plaintiffs' land and, further, that the instant application of such ordinance bears no reasonable relationship to the health, safety and general welfare of the public. Accordingly, I would affirm the "Decree" of the circuit court of Du Page County, which declared said ordinance void insofar as it relates to plaintiffs' property.