LA SALLE NATIONAL BANK, Trustee, Plaintiff-Appellee, *v.* THE COUNTY OF WILL *et al.*, Defendants-Appellants.

Third District   No. 75-36

Opinion filed May 20, 1976.

Martin Rudman, State's Attorney, and Krusemark & Krusemark, both of Joliet (Herman S. Haase, of counsel), for appellants.

Burke, Gordan & Weber, of Chicago (Robert J. Weber, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

After defendant-county denied plaintiff's request to rezone a 33-acre agricultural tract near Frankfort to allow for development of a mobile home park, the circuit court on plaintiff's complaint entered a declaratory judgment that defendant county's zoning ordinance is unconstitutional as applied to the subject parcel. The order enjoined enforcement of the existing classification of the property and directed issuance of classifications which would permit plaintiff's specifically contemplated use. The other defendants in this cause who prosecute this appeal (and whose brief has been adopted by the county) are vicinity landowners who were permitted to intervene in the circuit court proceedings and to answer the complaint. Appellants claim that the judgment of the circuit court is contrary to the manifest weight of the evidence and to the law, and that the circuit court, in any event, was without power, after adjudicating the ordinance invalid as applied to plaintiff's tract, to proceed to change the zoning classification to allow for plaintiff's requested use.

The subject farmland tract is owned by plaintiff as trustee; the sole beneficiary of the trust is Antonio Piazzo. As beneficiary, Piazzo, prior to any of these proceedings, contracted to cause the sale of the parcel for $3,000 per acre to Fred Jurack for development of a mobile home park. The buyer's obligation under the contract was made contingent upon changing the "F" zoning classification under the existing county ordinance to classifications permitting construction of a sewage treatment plant on 1.7 acres of the parcel and for construction of a mobile home facility it would service on the remaining portion.

State highway 45 runs southwesterly out of the village of Frankfort. At

the highway, the southerly border of the densely developed portions of the village is approximately 1.02 miles northeasterly of the place where the westerly boundary of plaintiff's parcel begins its abutment to route 45. Because of a strip annexation by the village of a narrow rural corridor southerly along route 45, plaintiff's parcel at its westerly border also adjoins the village. Across the highway to the west there is a parcel which has been annexed to the village and zoned I-1 for industrial purposes although a permit for an existing special use explains its actual occupancy by a wholesale business selling household lighting fixtures. The Piazzo residence property adjoins the subject parcel along the latter's northerly boundary. There is farmland north of the Piazzo residence to Laraway Road about eight-tenths of a mile away. That road services adjoining parcels that have been annexed to Frankfort and are zoned by it for light industrial uses. Arthur Mark, one of defendant intervenors, owns and operates a pig farm at the south of the parcel. The land to the east of plaintiff's tract, for a distance of about one mile to Center Road, is zoned "F" under the county ordinance for agricultural uses. Center Road itself appears to be within the village and abuts tracts which the village has zoned for industrial uses. Notwithstanding these industrial zones, the evidence shows that there has been no trend toward industrial development closer to plaintiff's tract than one mile away at the north and east during the preceding four or five years, and that the property directly west, although zoned for light industrial uses, was not developed for such use but was allowed by the city to be used for commercial purposes.

The demand and need for low cost housing in the area of the type proposed by plaintiff was clearly established by the proof, and there were witnesses who disclaimed that any public benefit would derive from preserving the existing agricultural limitations on use of these premises. Although the current "F" county zoning permits the construction of single-family residences, the evidence also indicated that only three such units per acre would be allowable and that this limitation would not justify the cost of extending municipal sewer and water and permit available low cost housing.

There was proof offered which the circuit court accepted, that land values in the area of plaintiff's tract, and the resulting land taxes, make it economically unreasonable to enforce a continuing limitation for farmland uses and reflect a market recognition that the area is in a transitional phase to urbanized uses; that farming is no longer the acknowledged highest and best use even though the exact development trend has not been established. As noted earlier, there has been no trend toward industrial development closer than one mile away, and the track across the highway is used for commercial purposes.

Carl Gardner, a city planning and zoning consultant, testified that in his

opinion the highest and best use for the parcel from a planning standpoint, considering its location and the lack of incompatible uses nearby, would be for a mobile home park with supporting sewage treatment plant. Considering the proposed population density for the development, he foresaw no adverse impact on local schools. The county has no comprehensive zoning plan and it is clear that the proposed use would not affect the farming in the area. If the parcel in question were to be rezoned to permit the proposed use, there was evidence that it would double in value. The intervening defendants' concern appears to have been expressed by the testimony of Mr. Geuther who stated that in his opinion the presence of a mobile home facility in this area might adversely affect the values of adjoining farmlands *for future industrial development*. It appears that the Frankfort Plan Commission, as recently as 1972, had designated plaintiff's site for probable industrial development.

■■ Where claim is made that a zoning ordinance is unconstitutional as applied to a particular parcel, the ultimate legal issue is whether the existing restrictions on use of the land in question are arbitrary and unreasonable. (*Glassey v. County of Tazewell*, 11 Ill. App. 3d 1087, 297 N.E.2d 235 (3d Dist. 1973).) "In 'determining whether the operation of any particular zoning ordinance * * * exceeds the police power or otherwise stated bears no substantial relation to the public health, safety, morals, and general welfare, there are a number of factors which must be applied * * * [no one of which] * * * is controlling. [Citation.]' And while there is a presumption as to the validity of a zoning ordinance, that presumption is overcome when it is shown [that it bears] no substantial relation to the general welfare." 11 Ill. App. 3d 1087, 1089, 297 N.E.2d 235, 237.

■■ From a review of the record there is sufficient evidence to support the conclusion of the circuit court that no public benefit is served by preserving the existing farming limitations on use while considerable economic hardship is imposed on plaintiff; that a public need exists in the area for low cost housing which would be served by the proposed use, and that such use is compatible with and will not interfere with the existing uses on adjoining properties or adversely affect their existing values. The proposed use will also have no adverse affect on local schools or impose unreasonable burdens on county governmental services. We are persuaded that the judgment of the circuit court is fully supported by the evidence and the law and that its determination that a continuation of the existing limitations on use bears no substantial relation to the general welfare is correct.

■■ Where as here, there was clear evidence before the court of the specific uses to which the owner intended to develop the property, the

court was not restricted in its authority, as defendants contend, to merely declare application of an existing ordinance invalid. In such case, the circuit court was authorized as it did, to frame its order in reference to the specific proposal and to order that the contemplated use is reasonable and permissible. *Harshman v. City of De Kalb*, 64 Ill. App. 2d 347, 212 N.E.2d 146 (2d Dist. 1965).

The judgment of the circuit court is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.