THE FIRST NATIONAL BANK OF SPRINGFIELD, Trustee, *et al.*, Plaintiffs-Appellees, *v.* THE CITY OF SPRINGFIELD, Defendant-Appellant.

Fourth District   No. 13549

Opinion filed October 14, 1976.

Richard W. Gunning, Assistant Corporation Counsel, of Springfield, for appellant.

Ensel, Jones, Blanchard & LaBarre, of Springfield (Alfred B. LaBarre, of counsel), for appellees.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

This case involves a zoning dispute between the parties. The City of Springfield denied the zoning change requested by plaintiffs. The trial court, finding for plaintiffs, enjoined the City from enforcing the R-3 restriction of the subject property or preventing plaintiffs from using the property in any way consistent with an R-5 classification. The issue on appeal is whether the decision of the trial court is against the manifest weight of the evidence. We reverse.

The property in question is located at the southeast corner of the intersection of MacArthur Boulevard and Lawrence Avenue in the City of Springfield. The property has been zoned R-3 for single-family residence and is improved with three houses fronting on MacArthur. All three

structures are in need of rehabilitation in varying degrees. Only one of the houses is occupied.

The property was purchased by plaintiffs Friedman and Weiner in August 1973, for $60,000. Plaintiffs purchased the property for development as an office building, which is not a permitted structure in an R-3 classification. They petitioned for rezoning, but the City Council denied the request.

The area to the south and east of the premises for several blocks is zoned R-3 and is entirely residential. The neighborhood in this area is approximately 50 years old. To the north of the premises one block is the Hunter Electric Company, a legal nonconforming use. One further block north are two gas stations and the E-Z Rental Company, which occupies a building which once was a fire station.

On Lawrence, on the north side of the block directly west of the subject property, are several small businesses and offices. Several of these are legal nonconforming uses but some of the block is zoned S-2 (Community Shopping and Office District). The property on the southwest corner of MacArthur and Lawrence, directly across the street from the premises in question, is zoned R-5. On the property are two structures. The one fronting the corner is used as a residence. Also on the south side of Lawrence are a cleaners, dance studio and two offices.

Looking at the subject property as the center of an approximate nine-block area, it appears that the area is 95% residential. Most of the nonresidential uses are concentrated in the block of Lawrence directly west of the subject property. The evidence showed that Lawrence Avenue had been widened in the early 1960's and since that time had become a major east-west street. MacArthur is a major north-south thoroughfare. This intersection therefore is one of the busiest in the city.

Plaintiff presented the testimony of a land planning engineer, a real estate appraiser, a land developer and realtor and a person who renovates older homes and then rents them as residences.

There are three residences on the property in question. The residence at 800 South MacArthur was a duplex and in very poor condition. It has been vacant for some time. The residence at 804 South MacArthur had at one time been condemned but some rehabilitation had been done by the previous owner. Plaintiff's appraiser considered it to be in fair condition. It was also vacant. The third residence was also in fair condition and was rented. One of plaintiff witnesses, a person who renovated older homes, testified that it would cost $35,000 for him to put the three structures into good condition.

The real estate appraiser, Stephen Forbes, testified that the highest and best use of the property was for an office building for professional services. He defined highest and best use as that which would generate

the greatest net return to the land over a period of time and acknowledged that the highest and best use is not always the most appropriate one. Charles Johnson, a realtor, also testified that use of the property for offices would be the highest and best use. The testimony of Hillar Folk, a land planner, was similar to that of Forbes and Johnson. All three expressed the opinion that the use of the property as an office building would not cause a deterioration of the neighborhood. the property was worth approximately $60,000 to $70,000 if it could be used for offices but only $28,000 when used for residences.

Defendants called the Springfield City Planner as a witness. He testified that the highest and best use is not always the most appropriate use. He stated that the most appropriate use, in his opinion, was for residential purposes. Testimony was also introduced to show that the rezoning from R-3 to R-5 of the property across the street was accomplished because one structure on the lot was already zoned R-5. Two residents of the area testified that they believed that once one property was rezoned it was only a matter of time before the entire area went commercial. The residents also expressed concern that the proposed rezoning would decrease the value of their property.

■■ A zoning ordinance is presumptively valid. The burden is on the plaintiff to overcome this presumption by clear and convincing evidence. (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 145 N.E.2d 65.) Plaintiffs must establish that the ordinance, as applied to them, is arbitrary, unreasonable and has no substantial relation to the public health, safety or welfare. If this question is fairly debatable, then the legislative judgment of the municipality must be upheld. *Exchange National Bank v. County of Cook* (1962), 25 Ill. 2d 434, 185 N.E.2d 250.

That the streets on which this property is located are heavily travelled does not mean that a residential classification is invalid. Similarly, that some commercial uses exist near the property is not necessarily a decisive factor. A combination of these two does not render a classification unreasonable and invalid. *Jans v. City of Evanston* (1964), 52 Ill. App. 2d 61, 201 N.E.2d 663; *Menolascino v. Village of Franklin Park* (1969), 106 Ill. App. 2d 472, 246 N.E.2d 122.

In *Scott v. City of Springfield* (1967), 83 Ill. App. 2d 31, 226 N.E.2d 57, this court upheld the ruling of the trial court that the residential classification of the property was arbitrary and unreasonable. The area in which the property in that case was located had been residential. Since 1924, various commerical and industrial uses had been introduced to the point that they dominated the area. The court noted the vast changes in the area, some of which had been induced and encouraged by the City. It was said there that a primary factor in ascertaining the reasonableness of a zoning classification is whether there has been a substantial changing trend in the area or whether it has remained unchanged.

The facts of the case at bar present some contrast with those of *Scott*. This neighborhood has been predominantly residential for many years. Although no testimony was introduced to show that new residences were being built, there was also no testimony as to any vacant lots in the area. Evidence was introduced that several building permits had been issued for home improvement projects such as new siding and the building of additional rooms. Of the commercial uses, the majority have been in existence for many years. Since the passage of the zoning ordinance in 1966, the only zoning change was that of the property on the southwest corner of MacArthur and Lawrence. A city commissioner testified that that action was taken so that the entire lot would be subject to the same classification.

The only substantial change was that created by the City, that is, in making Lawrence Avenue into a major east-west street. It could well be that commercialization is inevitable in this area because of that change. If that be so, it is the responsibility of the City to deal with the changes in a systematic and planned fashion. Certainly a court is not equipped to do so. The neighborhood, at present, remains much the same as it has been for many years. Neighbors of the proposed improvement have a right to rely on the zoning plan as originally adopted. *Vedovell v. City of Northlake* (1961), 22 Ill. 2d 611, 177 N.E.2d 124.

■■ That the property would be worth more if plaintiffs were free to develop it as they wish is not determinative of the validity of the zoning (*Leichner v. City of Champaign* (1970), 130 Ill. App. 2d 684, 264 N.E.2d 254), as that is true in almost any zoning dispute. The plaintiffs purchased this property fully aware of its zoning status. The financial disadvantage suffered from denial of the petition is a self-created one. (*Cities Service Oil Co. v. County of Lake* (1962), 26 Ill. 2d 176, 186 N.E.2d 265.) That a business risk has been taken by the purchaser is a factor to consider in assessing the economic hardship imposed upon him. (*Maywood Proviso State Bank v. Village of Berkeley* (1965), 55 Ill. App. 2d 84, 204 N.E.2d 144; *Lapkus Builders, Inc. v. City of Chicago* (1964), 30 Ill. 2d 304, 196 N.E.2d 682.) One of plaintiff's witnesses, James Giolotti, testified that he buys older homes and renovates them. In his opinion the property was reasonably located for residential uses because of its location near the downtown area.

■■ Under these circumstances the question of the reasonableness of the R-3 zoning classification is fairly debatable. Accordingly, the decision of the trial court was against the manifest weight of the evidence and must be reversed.

Reversed.

GREEN and REARDON, JJ., concur.