PRAIRIE VISTA, INC., Plaintiff-Appellee, v. THE COUNTY OF SANGAMON et al., Defendants-Appellants.

Fourth District   No. 12929

Opinion filed November 10, 1976.—Rehearing denied December 9, 1976.

TRAPP, P. J., dissenting.

C. Joseph Cavanagh, State's Attorney, of Springfield (Wayne Golomb, Assistant State's Attorney, of counsel), for appellants.

Sorling, Northrup, Hanna, Cullen and Cochran, of Springfield (Charles H. Northrup and Michael A. Myers, of counsel), for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff is the owner of some 84 acres of property located in an unincorporated area of Sangamon County, east of the city of Springfield, on the east side of U.S. Route 36. At the time the property was purchased by plaintiff it was zoned for agricultural use. In the year of its purchase the plaintiff filed a petition with the zoning administrator seeking to have the property rezoned from its present classification to three other classifications: Tract I, some 4½ acres, to be rezoned to a retail business classification; Tract II, some 12½ acres, to be rezoned a general residence district classification so as to permit apartments; and Tract III, 67 acres, to be granted a special use for construction of a mobile home park. Plaintiff's petition was heard by the Zoning Board of Appeals, and that Board, with some limitations, recommended the allowance of the petition. The County Board reviewed the recommendation and denied the petition.

Thereafter, the plaintiff commenced an action for declaratory judgment and for mandatory injunctive relief in the circuit court seeking to set aside the Board's decision and to obtain from the court a rezoning of the property. After hearing evidence, the circuit court entered an order declaring the existing zoning to be unconstitutional and granting the rezoning classification. This appeal is from that judgment. We reverse.

■■ The general rules applicable to this case, and, indeed, most zoning cases have just recently been stated again by this court in an opinion in *First National Bank v. City of Springfield* (1976), 42 Ill. App. 3d 566, 356 N.E.2d 367, and by the supreme court in *Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 354 N.E.2d 899. In *First National Bank*, we stated:

"A zoning ordinance is presumptively valid. The burden is on the plaintiff to overcome this presumption by clear and convincing evidence. (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 145 N.E.2d 65.) Plaintiffs must establish that the ordinance, as applied to them, is arbitrary, unreasonable and has no substantial relation to the public health, safety or welfare. If this question is fairly debatable, then the legislative judgment of the municipality must be upheld. *Exchange National Bank of Chicago v. County of Cook* (1962), 25 Ill. 2d 434, 185 N.E.2d 250." 42 Ill. App. 3d 566, 568, 356 N.E.2d 367, 370.

"That the property would be worth more if plaintiffs were free to develop it as they wish is not determinative of the validity of the zoning (*Leichner v. City of Champaign* (1970), 130 Ill. App. 2d 684, 264 N.E.2d 254), as that is true in almost any zoning dispute. The plaintiffs purchased this property fully aware of its zoning status. The financial disadvantage suffered from denial of the petition is a self-created one. (*Cities Service Oil Co. v. County of Lake* (1962), 26 Ill. 2d 176, 186 N.E.2d 265.) That a business risk has been taken by the purchaser is a factor to consider in assessing the economic hardship imposed upon him. (*Maywood Proviso State Bank v. Village of Berkeley* (1965), 55 Ill. App. 2d 84, 204 N.E.2d 144; *Lapkus Builders, Inc. v. City of Chicago* (1964), 30 Ill. 2d 304, 196 N.E.2d 682.)" (42 Ill. App. 3d 566, 569, 356 N.E.2d 367, 370.)

When we review the evidence in this case and apply those rules, we find a fairly debatable question. Having found this, it follows that the legislative judgment of the County Board must prevail.

We conclude that the question is fairly debatable based upon the testimony of several witnesses in opposition to the change. The executive director of the Springfield-Sangamon County Regional Planning Commission testified as to the negative impact upon schools and other public facilities. We note the testimony of the mayor of the village of Riverton to the effect that the proposed development would create some traffic problems; that the village of Riverton could not supply water to the proposed development, the water would have to come from wells; fire protection would have to come from the Riverton volunteer fire department; that the village of Riverton would not be able to supply police protection and that the proposed development would be substantial in size when compared to the village of Riverton. A soil scientist testified that a soil map of the area indicated that it is poorly drained, or somewhat poorly drained; that such condition would create a problem for the sewage system which would have to be constructed with reference to the development. The superintendent of the Riverton school district testified with reference to the obvious impact upon the schools.

■■ While we are aware that changes in zoning and increased density of use permitted upon zoning change can place hardships upon governmental units and that while such new hardships are not determinative of the validity of the proposed zoning, they are not to be ignored. (*Duggan v. County of Cook* (1975), 60 Ill. 2d 107, 324 N.E.2d 406.) Where units of local government give weight to such factors and upon the basis of such conclude as a matter of legislative judgment that a zoning change is to be denied, and such is fairly debatable, neither this

court nor the trial court is to interfere with such judgment. Accordingly, the judgment of the circuit court of Sangamon County is reversed.

Judgment reversed.

GREEN, J., concurs.

Mr. PRESIDING JUSTICE TRAPP, dissenting:

The facts presented in this record are substantially identical and comparable to those found in *Duggan v. County of Cook* (1975), 60 Ill. 2d 107, 324 N.E.2d 406, *La Salle National Bank v. County of Lake* (1975), 27 Ill. App. 3d 10, 325 N.E.2d 105 (leave to appeal denied), and *La Salle National Bank v. County of Will* (1976), 38 Ill. App. 3d 622, 347 N.E.2d 854. In each of such cases it was determined that the zoning as applied was arbitrary and unreasonable.

The fact that there is testimony and opinion opposing this requested classification does not necessarily make the issue debatable or necessarily require a conclusion that the plaintiff has failed in meeting the burden of proof. *Duggan v. County of Cook; La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 145 N.E.2d 65.

We note that the requested classification was approved by the Zoning Board of Appeals.

There is no contention that the proposed use injures any existing or established residential use as was the fact in the *First National Bank v. City of Springfield* (1976), 42 Ill. App. 3d 566, 356 N.E.2d 367, and in *Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 354 N.E.2d 899, and there is no evidence that the value of any other property will be diminished by the change of classification.

There is no evidence of a better or higher use of the property, or that any use other than agriculture has ever been considered or established by any planning entity. (*La Salle National Bank v. County of Will* (1976), 38 Ill. App. 3d 622, 347 N.E.2d 854.) We find no evidence that the use is incompatible with the surrounding uses. *Lakeland Bluff, Inc. v. County of Will* (1969), 114 Ill. App. 2d 267, 252 N.E.2d 765.

A complaint concerning a potential increase of traffic appears to be raised in behalf of a village a mile distant. The record does not show that the traffic from the proposed development will necessarily intrude into the village and traffic is a factor "in all but the most sheltered neighborhoods and is constantly getting worse," and is not entitled to much weight. *La Salle National Bank v. Village of Skokie* (1962), 26 Ill. 2d 143, 186 N.E.2d 46.

Here, as in *Glassey v. County of Tazewell* (1973); 11 Ill. App. 3d 1087, 297 N.E.2d 235, and *La Salle National Bank v. County of Lake* (1975), 27

Ill. App. 3d 10, 325 N.E.2d 105, there is no imposition of sewerage loads or water demands upon any municipal entity. The evidence is that the development will provide such facilities and must meet the standards of the Illinois Department of Public Health as to sewers, public health and water supply recreation, and that such facilities are subject to regulation and inspection. An adjacent comparable development by plaintiffs has met and does meet such standards.

Defendant introduced some evidence of the present school enrollment and the crowded condition in existing schools. This development, however, is expected to be essentially used by older people. School enrollment problems are not to be deemed conclusive (*Duggan v. County of Cook* (1975), 60 Ill. 2d 107, 324 N.E.2d 406), and it is said:

> "[T]hat additional burdens on responsible governmental bodies may not properly justify otherwise unreasonable, arbitrary and discriminatory restrictions on the use of private property." *First National Bank v. Village of Skokie* (1960), 85 Ill. App. 2d 326, 339, 229 N.E.2d 378, 385; *Lakeland Bluff, Inc. v. County of Will* (1969), 114 Ill. App. 2d 267, 278, 252 N.E.2d 765, 770.

Under the standards established in *La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46, 47, 145 N.E.2d 65, 69, the ordinance as applied here is arbitrary and discriminatory for the record shows no incompatible existing use or zoning of nearby property, no diminution of existing property values, no supportable claim of injury to public health, safety or welfare and no relevant gain to the public as compared to the hardship imposed on the property owner.

I would affirm the judgment of the trial court.